STATE of Wisconsin, Plaintiff-Appellant,

v.

Elizabeth A. WHITE, Defendant-Respondent.

Court of Appeals

*No. 2007AP2061–CR. Submitted on briefs April 4, 2008.
—Decided May 29, 2008.*

2008 WI App 96

(Also reported in 754 N.W.2d 214.)

800

[REDACTED]

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Juan B. Colas*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *T. Christopher Kelly* of *Kelly, Habermehl & Bushaw, S.C.*, Madison.

Before Higginbotham, P.J., Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J. The issue on this appeal is whether the circuit court properly dismissed a criminal charge added in the information because the prosecutor successfully objected at the preliminary hearing to questions that were relevant to that crime but not to the crime charged in the complaint. The complaint charged Elizabeth White with delivery of an amount of controlled substance between one and five grams in violation of Wis. Stat. § 961.41(1)(cm)1r. (2005–06),[1] and the information added a charge of maintaining a

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

---

[REDACTED]

<br>

drug house in violation of Wis. Stat. § 961.42(1).[2] The circuit court concluded that, although the two charges might be transactionally related, it was unfair to permit the addition of the drug-house charge after the prosecutor at the preliminary hearing had successfully objected to questions relevant to that charge. The State appeals.

¶ 2. We conclude the two charges are transactionally related and the prosecutor therefore properly added the drug house charge after White was bound over based on the delivery charge. The prosecutor's successful objections at the preliminary hearing do not provide a basis for a different result, and the doctrine of judicial estoppel does not apply. Accordingly, we reverse the court's order denying reconsideration of its dismissal ruling and remand for further proceedings.

## BACKGROUND

¶ 3. The complaint charged White with delivering cocaine. The allegations were that on February 19, 2007, a police officer along with a confidential informant went to a residence and purchased two grams of cocaine from White. At the preliminary hearing the officer testified that on that date, in an undercover capacity and accompanied by a confidential informant, he purchased $80 worth of cocaine from White at her house. He entered the house with the informant after

---

[2] Wisconsin Stat. § 961.42(1) provides:

**Prohibited acts B-penalties. (1)** It is unlawful for any person knowingly to keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft or other structure or place, which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for manufacturing, keeping or delivering them in violation of this chapter.

White told the informant they should come inside. They went into her bedroom and she had the cocaine on her dresser.

¶ 4. On cross-examination, defense counsel asked the officer whether he knew who the owner of the house was and whether he knew if White was a tenant. The prosecutor objected to both questions on the grounds of relevancy and the court commissioner sustained the objections. At the close of the testimony, the court commissioner determined that there was probable cause to believe White had committed a felony and ordered her bound over for trial.

¶ 5. The State filed an information that contained the delivery charge and added a charge of maintaining a drug house on February 19, 2007.[3] White filed a motion to dismiss the drug-house charge on the ground that the evidence presented at the preliminary hearing did not support probable cause for this charge because this charge required proof of dominion and control over the house.[4] The State opposed the motion on the ground that the preliminary hearing evidence did not have to show probable cause for the drug-house charge because it was transactionally related to the delivery charge and there was probable cause for the delivery charge.

¶ 6. The court granted the motion in an oral ruling. The court was troubled by the fact that defense counsel had been prevented from cross-examining the officer on topics that were relevant to the drug-house

---

[3] The information also added a charge of possession of cocaine, but that is not at issue on this appeal.

[4] The jury instruction for Wis. Stat. § 961.42(1) instructs that "keep[ing] or maintain[ing]" means "to exercise management or control over [a] place." Wis JI—Criminal 6037B.

charge and would have been allowed had this charge been included in the complaint. The court concluded that under these circumstances it was unfair to allow the addition of the drug-house charge and the transactionally related test was not intended to permit this. The State moved for reconsideration. The court denied the motion in a written order.

## DISCUSSION

¶ 7. On appeal, the State contends the circuit court erred in denying its motion for reconsideration because the drug-house charge is transactionally related to the delivery charge and the case law establishes that therefore the prosecutor may add it to the information.[5] White's position is that the State has not established that the dismissal, based on unfairness, was an error of law that requires granting the motion for reconsideration and that the circuit court's decision is consistent with the principle of judicial estoppel.

¶ 8. To prevail on a motion for reconsideration, a party must either present newly discovered evidence or

---

[5] The State appeals from the written order denying the motion for reconsideration. White, citing *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 25, 197 N.W. 2d 752 (1972), asserts that we do not have jurisdiction to review that order because the only issues raised in the motion for reconsideration were disposed of by the court's initial ruling. However, the initial ruling was not an appealable order because it was oral: only written orders may be appealed. *Ramsthal Adver. Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979). The *Ver Hagen* rule does not apply in this situation. *See Silverton Enters. v. General Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988) (*Ver Hagen* addresses the concern that a motion for reconsideration should not be used to extend the time to appeal an order or judgment when that time has expired).

805

establish a manifest error of law or fact. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, 275 Wis. 2d 397, 685 N.W.2d 853. A manifest error of law occurs when the circuit court disregards, misapplies, or fails to recognize controlling precedent. *Id.*

¶ 9. We review a circuit court's denial of a motion for reconsideration to determine if the court properly exercised its discretion. *Id.*, ¶ 6. A circuit court erroneously exercises its discretion if that exercise is based on an error of law, *State v. Davis*, 2001 WI 136, ¶ 28, 248 Wis. 2d 986, 637 N.W.2d 62, and we review questions of law de novo. *See State v. Kramer*, 2001 WI 132, ¶ 17, 248 Wis. 2d 1009, 637 N.W.2d 35. The issue of the correct legal standard presents a question of law. *Id.* Thus we review de novo whether the court's denial of the motion for reconsideration was based on an error of law in that it did not apply controlling precedent.

¶ 10. The purpose of a preliminary hearing is to "determin[e] if there is probable cause to believe a felony has been committed by the defendant." Wis. Stat. § 970.03(1). As explained more fully by the supreme court, "the primary purpose . . . is 'to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty.' " *State v. Williams*, 198 Wis. 2d 516, 527, 544 N.W.2d 406 (1996) (quoting *Bailey v. State*, 65 Wis. 2d 331, 344, 222 N.W.2d 871 (1974)). This purpose has been served upon a determination that bindover is warranted on at least one count. *Id.*

¶ 11. Once a defendant has been properly bound over on one count, the prosecutor has the authority to include additional charges in the information "so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary." *Id.* at 528 (quoting *Bailey*, 65 Wis. 2d at 341). Charges are "not wholly unrelated," meaning they are transactionally related, when they are related in terms of "the affinity of parties and witnesses, the charges' geographical and temporal proximity, the physical evidence required for conviction, and the defendant's motive and intent." *State v. Richer*, 174 Wis. 2d 231, 239, 254, 496 N.W.2d 66 (1993). The supreme court has explained that using these seven factors to determine when counts may be added in the information are "indicative of [the] court's continuing efforts to further the underlying legislative and constitutional goals[6] of the preliminary hearing while also affording prosecutors increasing flexibility in their charging decisions." *Richer*, 174 Wis. 2d at 246 (footnote added).

¶ 12. In this case there is no dispute that the evidence presented at the preliminary hearing was sufficient to establish probable cause for the delivery charge. White also does not dispute that the two charges are transactionally related, and she characterizes the court's ruling as recognizing that they are. We agree that the charges are transactionally related. Both charges involve White, the informant, and the testify-

---

[6] Although a preliminary hearing is not constitutionally required, *State v. Williams*, 198 Wis. 2d 516, 525, 544 N.W.2d 406 (1996), it does implicate certain constitutional rights. *State v. Richer*, 174 Wis. 2d 231, 242–43, 496 N.W.2d 66 (1993).

ing officers, the same date, the same location, the same physical evidence, and the same purpose of trafficking in controlled substances. Accordingly, the prosecutor may properly add the drug-house charge in the information. *See Bailey*, 65 Wis. 2d at 341.

■

¶ 13. White's argument that it is unfair to allow the addition of the charge in this case is based on a misunderstanding of the purpose of a preliminary hearing. The purpose, as noted above, is to ensure that there is a "substantial basis for bringing the prosecution and further denying the accused his right to liberty." *Williams*, 198 Wis. 2d at 527 (citations omitted). Although the defendant has the right to cross-examine witnesses at a preliminary hearing, Wis. Stat. § 970.03(5), the scope of cross-examination is limited to issues of plausibility of the State's witnesses' accounts. *See State v. Stuart*, 2005 WI 47, ¶¶ 30–31, 279 Wis. 2d 659, 695 N.W.2d 259. Discovery is sometimes an "incidental fringe benefit" of a preliminary hearing, but it is not a right. *Bailey*, 65 Wis. 2d at 344. Thus, the inability to use a preliminary hearing as a discovery device for a transactionally related charge that is added to the information is not a basis on which to challenge that charge. *Id.*

¶ 14. If we assume for purposes of illustration that White's counsel had not asked questions about ownership or tenancy of the house, there would be no question that the prosecutor could properly add the drug-house charge in the information. White is in no different position now, with his counsel having unsuccessfully attempted to ask those questions. In both the hypothetical and this case it is fair to add the drug-house charge because the purpose of the preliminary hearing has been fulfilled and the supreme court has

decided that the transactional nexus is sufficient protection against adding charges that are too far removed from the evidence supporting the bindover. *See Richer*, 174 Wis. 2d at 242–43, 246.

¶ 15. We do not agree with White that the doctrine of judicial estoppel supports the circuit court's decision.

> Judicial estopped is a doctrine that is aimed at preventing a party from manipulating the judiciary as an institution by asserting a position in a legal proceeding and then taking an inconsistent position. The doctrine requires a showing that: (1) a party against whom estoppel is sought presents a later position that is "clearly inconsistent" with the earlier position; (2) the facts at issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position. Whether these elements are met is a question of law, which this court reviews de novo; whether to apply the doctrine if the elements are met is a matter for the trial court's discretion.

*State v. Miller*, 2004 WI App 117, ¶ 31, 274 Wis. 2d 471, 683 N.W.2d 485 (citations omitted).

¶ 16. The State's position at the preliminary hearing—that the questions about ownership and tenancy were not relevant to the delivery charge—is not "clearly inconsistent" with its subsequent position that it may add the drug-house charge in the information because it is transactionally related to the delivery charge. Case law establishes that the prosecutor may choose after the preliminary hearing to add transactionally related charges in the information. *See, e.g., Williams*, 198 Wis. 2d at 528; *Bailey*, 65 Wis. 2d at 341. Nothing in the case law suggests that the scope of the cross-examination at the preliminary hearing is af-

fected by what the prosecutor's intent might be in this regard or what the prosecutor might later decide to do.

## CONCLUSION

¶ 17. We conclude the delivery charge and the drug-house charge are transactionally related and the prosecutor therefore properly added the drug-house charge after White was bound over based on the delivery charge. The prosecutor's successful objections to cross-examination do not provide a basis for a different result, and the doctrine of judicial estoppel does not apply. Accordingly, we reverse the court's order denying reconsideration of its dismissal ruling and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.