STATE of Wisconsin, Plaintiff-Respondent,

v.

Martin P. O'BRIEN, Defendant-Appellant.†
[Case No. 2012AP1769-CR]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Kathleen M. O'BRIEN, Defendant-Appellant.†
[Case No. 2012AP1770-CR]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles E. BUTTS, Defendant-Appellant.†
[Case No. 2012P1863-CR]

Court of Appeals

*Nos. 2012AP1769–CR, 2012AP1770–CR, 2012AP1863–CR.*
*Submitted on briefs May 2, 2013.—Decided July 17, 2013.*

2013 WI App 97

(Also reported in 836 N.W.2d 840.)

† Petition for Review Filed.

On behalf of the defendant-appellant Martin O'Brien, the cause was submitted on the joint briefs of *Kathleen B. Stilling* and *Jerome F. Buting* of *Buting, Williams & Stilling, S.C.* of Brookfield.

On behalf of the defendant-appellant Kathleen O'Brien, the cause was submitted on the joint briefs of *Pamela Moorshead* of *Pamela S. Moorshead, S.C.* of Glendale.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey J. Kassel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

A nonparty brief was filed by *Marcus J. Berghahn* of *Hurley, Burish & Stanton, S.C.* of Madison for *Wisconsin Association of Criminal Defense Lawyers*, and *Kelli S. Thompson, Marla J. Stephens*, and *Devon M. Lee* for the *Office of the State Public Defender*.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. BROWN, C.J. The newly enacted Wis. Stat. § 970.038 (2011–12)[1] makes hearsay evidence admissible at a criminal defendant's preliminary examination and permits the probable cause determination and bindover decision at a preliminary examination to be based "in whole or in part" on hearsay evidence. We accepted these consolidated interlocutory appeals to consider whether these provisions violate a criminal defendant's constitutional rights to confront adversary witnesses, compel testimony by favorable witnesses, and have the effective assistance of counsel.

¶ 2. Because the purpose of a preliminary examination is to test the plausibility of the State's case against the defendant, not to measure the strength of that case nor provide for pretrial discovery, we conclude that Wis. Stat. § 970.038 does not violate a criminal defendant's constitutional rights. It remains the duty of the trial court to consider the apparent reliability of the State's evidence at the preliminary examination in determining whether the State has made a plausible showing of probable cause to support binding over the defendant for trial. This determination is to be made on a case-by-case basis, and the hearsay nature of evidence may, in an appropriate case, undermine the plausibility of the State's case. But admitting hearsay evidence at the preliminary examination presents no blanket constitutional problems. We affirm.

*Legislative and Factual Background*

¶ 3. *Law governing admissibility of hearsay in preliminary examinations in Wisconsin.* Prior to the

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

enactment of Wɪs. Sᴛᴀᴛ. § 907.038 in 2011, hearsay was inadmissible at preliminary examinations in Wisconsin criminal proceedings, unless the hearsay fell within one of the statutory exceptions by which hearsay is admissible.[2] *See* Wɪs. Sᴛᴀᴛ. §§ 908.07 and 970.03(11) (2009–10) (repealed by 2011 Wis. Act 285); *see also Mitchell v. State*, 84 Wis. 2d 325, 333, 267 N.W.2d 349 (1978).

¶ 4. In 2011, the legislature enacted 2011 Wis. Act 285, which repealed Wɪs. Sᴛᴀᴛ. §§ 908.07 and 970.03(11) (2009–10), and created Wɪs. Sᴛᴀᴛ. § 970.038, as follows:

**970.038 Preliminary examination; hearsay exception.**

**(1)** Notwithstanding [Wɪs. Sᴛᴀᴛ. §] 908.02, hearsay is admissible in a preliminary examination . . . .

**(2)** A court may base its finding of probable cause [at a preliminary examination] in whole or in part on hearsay admitted under sub. (1).

In other words, the law now provides that at a preliminary examination, the rules against hearsay are inapplicable. Under § 970.038, hearsay is to be admitted at a preliminary examination, unless it is objectionable upon some other ground. Furthermore, the court's probable cause determination at a preliminary examination may rest wholly upon hearsay evidence.

¶ 5. *Charges and Preliminary Examination in Butts case.* The criminal complaint against Butts was filed in April 2012. It charges that Butts committed

---

[2] For instance, one such exception, Wɪs. Sᴛᴀᴛ. § 970.03(14)(b), provides that at preliminary examinations, recordings of certain out-of-court statements by children are admissible, even though the child is not called as a witness or available for cross-examination.

child sexual assault and child enticement as a persistent repeater. In the complaint, probable cause for the charges is based upon statements made by two minors reporting that Butts sexually assaulted them. At Butts' preliminary examination,[3] the State's sole witness was a police detective who testified that during her investigation one minor female identified Butts in a photo lineup as the man who sexually assaulted her. The detective further testified that she was aware of a statement made by a different minor female, and recorded in a police report prepared by a different investigator, that Butts sexually assaulted that girl as well. The detective admitted in testimony that she was not present when the second girl's statement was taken and was not certain which detective took that statement. The trial court overruled Butts' hearsay objection and held that the hearsay evidence established probable cause to bind over Butts for trial.

¶ 6. *Charges and Preliminary Examination in the O'Brien Cases.* The criminal complaints against the O'Briens were the product of an investigation that began in August 2011 when the O'Briens' adopted children reported to authorities that since their 2004 adoption they had been subjected to various abuses by the O'Briens. In May 2012, a criminal complaint was filed charging the O'Briens with multiple counts of felony child abuse against five of their adopted children. The O'Briens were released on signature bonds shortly thereafter. Before the preliminary examination, Martin O'Brien filed a motion seeking to preclude the State from using hearsay evidence at the preliminary exami-

---

[3] Butts initially petitioned for leave to appeal before the preliminary hearing, but we rejected that petition as premature. We granted Butts' subsequent leave to appeal after the preliminary hearing took place.

nation, and the State filed a motion to quash Kathleen O'Brien's subpoena of one of the victims and to require an offer of proof as to what relevant testimony the victim could provide to defeat probable cause.

¶ 7. At the preliminary examination, the trial court denied the motion to preclude hearsay evidence and granted the motion to quash the subpoena and to preclude the defendants from calling the victim as a witness at the preliminary examination. In the evidentiary portion of the examination, the State's sole witness was a police investigator who conducted some, but not all, of the initial interviews with the alleged victims and the follow-up investigation. The court found the investigator's testimony established probable cause and bound both of the defendants over for trial.

*Analysis*

¶ 8. "Although a circuit court's decision to admit evidence is ordinarily a matter for the court's discretion, whether the admission of evidence violates a defendant's right to confrontation is a question of law subject to independent appellate review." *State v. Jensen*, 2007 WI 26, ¶ 12, 299 Wis. 2d 267, 727 N.W.2d 518. We observe a strong presumption that statutes are constitutional and will not hold a statute unconstitutional unless the statute's unconstitutionality is demonstrated beyond a reasonable doubt. *State v. Tarantino*, 157 Wis. 2d 199, 212–13, 458 N.W.2d 582 (Ct. App. 1990).

*Confrontation Clause*

¶ 9. The defendants' main argument—that by broadening the admissibility of and reliance upon hear-

say evidence at preliminary examinations, WIS. STAT. § 970.038 violates their rights to confront the witnesses against them—conflates two related but distinct legal concepts, the confrontation clause and the hearsay doctrine. While the confrontation clause and hearsay rules "are generally designed to protect similar values," *California v. Green*, 399 U.S. 149, 155 (1970), they do not serve precisely the same purposes. The confrontation clause is narrower than the hearsay rule; its "impetus ... was the practice of trying defendants on 'evidence' which consisted solely of ex parte affidavits or depositions secured by the examining magistrates, thus denying the defendant the opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact." *Id.* at 156. The confrontation clause bars that practice by guaranteeing that in criminal prosecutions defendants "shall enjoy the right ... to be confronted with the witnesses against" them. U.S. CONST. amend. VI.

¶ 10. Consistent with this underlying purpose, the confrontation clause has been described as "basically a trial right." *Barber v. Page*, 390 U.S. 719, 725 (1968); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("confrontation is a trial right") and *Green*, 399 U.S. at 157 ("this literal right to 'confront' the witness at the time of trial ... forms the core of the values furthered by the Confrontation Clause"). Generally speaking, the confrontation clause works by permitting the defendant to physically face and cross-examine the witnesses who testify against him or her at the trial. *Ritchie*, 480 U.S. at 51. It follows that in pretrial proceedings where the ultimate question of determining the defendant's guilt or innocence is not germane, the confrontation clause has limited application. *See State v. Schaefer*, 2008 WI 25, ¶ 37, 308 Wis. 2d 279,

746 N.W.2d 457. The confrontation clause is decidedly not a "compelled rule of pretrial discovery." *Ritchie*, 480 U.S. at 52. To the extent the preliminary examination affords the defense a chance to learn more about the State's case against the defendant, "this new information is a byproduct, not the objective, of the preliminary examination." *Schaefer*, 308 Wis. 2d 279, ¶ 24.

¶ 11. In short, there is no vested constitutional or statutory right of a defendant to use the preliminary examination to obtain discovery of the State's evidence or impeachment evidence against the State's witnesses. Instead, in the pretrial context, concerns about a defendant's confrontation and compulsory process rights have been "considered by reference to due process." *See Ritchie*, 480 U.S. at 56; *see also Schaefer*, 308 Wis. 2d 279, ¶¶ 66–69. Hence, the question in these appeals is not whether Wis. Stat. § 970.038 deprives defendants of their rights to confront and call witnesses, because those rights are not pretrial rights. The question is whether admitting hearsay evidence at the preliminary examination and basing the probable cause finding upon hearsay violates "the right to a fair *trial* guaranteed by [due process]." *Schaefer*, 308 Wis. 2d 279, ¶ 69 (citation omitted; alteration in original).

¶ 12. With respect to what process is due in the preliminary examination context, we note first that nothing in the Sixth Amendment or any other provision of the Constitution mandates a preliminary examination like the one at issue in these appeals. *See Gerstein v. Pugh*, 420 U.S. 103, 124 (1975) ("There is no single preferred pretrial procedure . . . ."). It is true that the Fourth Amendment requires a neutral judicial officer to make "a fair and reliable determination of probable

cause as a condition for any significant pretrial restraint of liberty . . . either before or promptly after arrest." *Id.* at 125. But a "*Gerstein* hearing" to justify pretrial detention does not merit all of the formal procedures the Constitution requires at the criminal trial that will decide the ultimate question of a defendant's guilt or innocence. In fact, at a *Gerstein* hearing, no adversary testing of the evidence is required, whatsoever, but merely a judicial determination of "probable cause to believe the suspect has committed a crime," which may be made "in a nonadversary proceeding on hearsay and witness testimony." *Id.* at 120.

¶ 13. Although most jurisdictions provide one or more preliminary appearances or hearings during criminal proceedings, the exact nature of those procedures varies widely. In federal criminal prosecutions, in addition to the initial appearance required by FED. R. CRIM. P. 5, the rules do provide for a preliminary hearing. FED. R. CRIM. P. 5.1. However, the preliminary hearing requirement is excused if a grand jury indictment issues before the time set for the preliminary hearing, which means that the preliminary hearing in modern federal prosecutions commonly is rendered moot. *See* 4 WAYNE R. LaFAVE ET AL., CRIMINAL PROCEDURE § 14.2(b) (3d ed. 2007). Prosecution moves forward based upon the indictment itself.

¶ 14. At the state level, the constitution demands some sort of *Gerstein* "probable cause to detain" determination, but the precise nature of that determination varies in "accord with a State's pretrial procedure viewed as a whole." *Gerstein,* 420 U.S. at 123. Some states have abolished the preliminary hearing all together, or made it optional, permitting the prosecutor to proceed to trial by "direct filing" of an information in

the court. *See* LAFAVE ET AL., *supra,* § 14.2(d) & n.47 (citing *State v. Florence,* 239 N.W.2d 892 (Minn. 1976) and Commentary to Vt. R. Crim. P. 12). More commonly, the state provides (by state constitution or statute) either a grand jury procedure like the federal practice or an information and preliminary hearing procedure, or both. *See* LAFAVE ET AL., *supra,* § 14.2(d).

¶ 15. Under Wisconsin law, the defendant is entitled to an "initial appearance" upon arrest, WIS. STAT. § 970.01, followed soon after by a "preliminary examination." WIS. STAT. § 970.03(2).[4] This preliminary examination is a creature of statute and is not mandated by federal or state constitutions. *State v. Camara,* 28 Wis. 2d 365, 370, 137 N.W.2d 1 (1965). Its sole purpose is to "determin[e] if there is probable cause to believe a felony has been committed by the defendant." Sec. 970.03(1).

¶ 16. The question of the defendant's ultimate guilt or innocence is not in dispute at the preliminary examination:

> [T]he trier of fact's only duty is to find that the story has a plausible basis. The trier of fact, therefore, is not engaged in determining the truthfulness of the state's case but merely whether, *if believed,* the story has a plausible basis in fact. Truthfulness goes to the weight of the evidence, not to admissibility, and is for the jury to determine at trial.

*State v. Padilla,* 110 Wis. 2d 414, 423–24, 329 N.W.2d 263 (Ct. App. 1982) (citations omitted). Consistent with

---

[4] The preliminary examination is to take place within twenty days of the initial appearance, if the defendant was released from custody, or within ten days of the initial appearance for a defendant in custody. WIS. STAT. § 970.03(2).

this narrow purpose, the procedures at a preliminary hearing are not as formal as the procedures at criminal trials. There is no right to confront the adverse witnesses at the preliminary examination, *Mitchell v. State*, 84 Wis. 2d 325, 336, 267 N.W.2d 349 (1978), and the cross-examination right extends "only [to] those people actually called to the stand," not to other people whose out-of-court statements are referred to in the court proceedings, *Padilla*, 110 Wis. 2d at 424; *see also State v. White*, 2008 WI App 96, ¶ 13, 312 Wis. 2d 799, 754 N.W.2d 214 ("Although the defendant has the right to cross-examine witnesses at a preliminary hearing, Wis. Stat. § 970.03(5), the scope of cross-examination is limited to issues of plausibility of the State's witnesses' accounts.").

■■■

¶ 17. In view of this limited purpose, we conclude that admission of and reliance upon hearsay evidence per Wis. Stat. § 970.038 does not jeopardize the defendant's fair trial rights. The defendant remains free to challenge the plausibility of the hearsay evidence and the tenability of the State's case at the preliminary examination, via cross-examination, presentation of evidence, and argument to the court. *See* Wis. Stat. §§ 907.03(1) (explaining that at the preliminary examination the court will determine "if there is probable cause to believe a felony has been committed by the defendant"), and 907.03(5) ("The defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf . . . ."). These means are sufficient to serve the purpose of the preliminary examination: screening out implausible or impossible allegations. *See, e.g., State v. Schaab,* 2000 WI App 204, ¶¶ 15–16, 238 Wis. 2d 598, 617 N.W.2d 872 (affirming magistrate's determination that State failed

to show probable cause for bail jumping charge, when the underlying bail condition was too "broadly phrased" to support the State's interpretation).

¶ 18. We note that the United States Supreme Court long ago upheld the issuance of a grand jury indictment when all of the evidence before the grand jury was hearsay. *Costello v. United States*, 350 U.S. 359, 363–64 (1956). As the Court there observed, "a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence" would transform the grand jury proceeding into "a kind of preliminary trial to determine the competency and adequacy of the evidence." *Id.* The same is true with respect to preliminary examinations in Wisconsin, and permitting defendants to call and question witnesses to challenge the adequacy and competency of the evidence would serve "[n]either justice nor the concept of a fair trial." *See id.* at 364.

¶ 19. Our conclusion also is consistent with the holdings of the majority of jurisdictions that have heard analogous challenges to statutes allowing a bindover determination of probable cause to rest upon hearsay. *See, e.g., Peterson v. California*, 604 F.3d 1166, 1167–68 (9th Cir. 2010) (upholding state constitutional provision that "hearsay evidence shall be admissible at preliminary hearings"); *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1219–20 (D.N.M. 2011); *Bradley v. State*, 81 P.3d 444, 446 (Kan. Ct. App. 2003) ("[H]earsay is allowed in preliminary hearings when a statute authorizes it."); *Sheriff v. Witzenburg*, 145 P.3d 1002, 1003 (Nev. 2006) (upholding statutory provision permitting admission of geographically distant victim's affidavit in lieu of personal appearance at preliminary examination); *State v. Timmerman*, 218 P.3d 590, 593–94 (Utah 2009).

¶ 20. In short, in view of the actual purpose of preliminary examinations in Wisconsin, we hold that WIS. STAT. § 970.038 is facially consistent with the constitutional rights to confrontation and due process.

*Compulsory Process*

¶ 21. The defendants also contend that WIS. STAT. § 970.038 limits their ability to call and cross-examine witnesses at the preliminary hearing in violation of the compulsory process clause. The enactment of § 970.038 left unchanged the provisions of WIS. STAT. § 970.03 that authorize the defendant to cross-examine State witnesses and call witnesses for the defense. *See* § 970.03(5). To effectuate these rights, "the defendant must have compulsory process to assure the appearance of his witnesses and their relevant evidence." *Schaefer*, 308 Wis. 2d 279, ¶ 35. We reject any implication in the prosecution's arguments before the trial court that the enactment of § 970.038 somehow limited the defense's ability to call or cross-examine witnesses at the preliminary examination.

¶ 22. The defense retains the same rights to cross-examine and call witnesses that applied at preliminary examinations before the enactment of the new law. But the scope of those rights is limited by the scope and purpose of the preliminary examination, i.e., the facts relevant to establishing plausibility of the charges, which are " 'essential facts as to probability' that the alleged offense occurred." *Schaefer*, 308 Wis. 2d 279, ¶ 37 (citation omitted). Thus,

> although a defendant may subpoena witnesses and evidence for the preliminary examination . . . his sub-

683

poena may be quashed, a witness may not be allowed to testify, or evidence may be excluded if the defendant is unable to show the relevance of the testimony or evidence to rebut the probable cause.

*Id.* In the O'Briens' case, the trial court followed this rule in sustaining objections to certain questions on cross-examination and in quashing the defense subpoena of the alleged victim whose accusations formed much of the basis of the charges against the O'Briens. Contrary to the defendants' arguments, the trial court did not reason that the changed law limited the defense right to discovery, but rather that the defense could not articulate how the questions or the subpoena had any possibility of bringing to light facts relevant to the plausibility of the charges. As the court explained, its decision may have been different "if [the witness the defense wished to call] testified that he was in Canada for the entire period of time which is the subject of this investigation." But instead, the defense could offer no indication "that relevant information [would] be given."

¶ 23. Thus, Wis. Stat. § 970.038 had no impact on the defendants' rights to subpoena witnesses or conduct cross-examination regarding facts relevant to the plausibility of the State's case, either facially or in these particular instances.

¶ 24. We recognize that criminal defense lawyers would much rather cross-examine the declarant or accuser than a police officer who gives a hearsay account of what the declarant or accuser said. But the new statute does not necessarily make cross-examination a useless exercise. The plausibility standard does not require a trial court to ignore blatant credibility problems, but requires it to consider all

reasonable inferences that can be drawn from the facts in evidence. Dismissal at the preliminary hearing stage may prove to be infrequent under the new law, but dismissal at the preliminary hearing stage was always infrequent anyway. We are confident that our trial courts will know implausibility when they see it, hearsay or not, as the hypothetical given by the trial court in the O'Briens' case confirms.

*Assistance of Counsel*

¶ 25. Finally, we also reject the defendants' alternative argument that WIS. STAT. § 970.038 violates the right to the assistance of counsel. The defendants are correct that the preliminary examination in Wisconsin is a "critical stage" at which the defendant is entitled to the assistance of counsel. *See Coleman v. Alabama*, 399 U.S. 1, 10–11 (1970); *see, e.g., State v. Wolverton*, 193 Wis. 2d 234, 533 N.W.2d 167 (1995), *overruled on other grounds by State v. Dubose*, 2005 WI 126, ¶ 33 & n.9, 285 Wis. 2d 143, 699 N.W.2d 582. But defense counsel can provide effective representation at a preliminary examination regardless of the type of evidence the prosecution introduces there, by demonstrating why the prosecution has failed to show a plausible theory for prosecution. To demand that counsel must be permitted to challenge the competency or reliability of the underlying evidence is a fundamental misunderstanding of the purpose of the preliminary hearing:

> A preliminary hearing as to probable cause is not a preliminary trial or a full evidentiary trial on the issue of guilt beyond a reasonable doubt. It is intended to be a summary proceeding to determine essential or basic facts as to probability. The examining judge is

685

" . . . concerned with the practical and nontechnical probabilities of everyday life in determining whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty."

Also, although the judge at a preliminary examination must ascertain the plausibility of a witness's story and whether, if believed, it would support a bindover, the court cannot delve into the credibility of a witness. The issue as to credence or credibility is a matter that is properly left for the trier of fact. We recognize that the line between plausibility and credibility may be fine; the distinction is one of degree . . . .

" . . . . There is a point where attacks on credibility become discovery. That point is crossed when one delves into general trustworthiness of the witness, as opposed to plausibility of the story. Because all that need be established for a bindover is probable cause, *all that is needed is a believable account of the defendant's commission of a felony.*"

*State v. Dunn*, 121 Wis. 2d 389, 396–97, 359 N.W.2d 151 (1984) (citations omitted).

¶ 26. In short, nothing in the State or federal constitutions prohibits allowing the finder of fact at a preliminary examination to consider hearsay evidence and to rely upon hearsay evidence to determine that the State has presented a "believable account of the defendant's commission of a felony." It matters not whether this rule marks a great change from prior practice in Wisconsin criminal cases, nor whether the change will prove to be an effective or wise one. WISCONSIN STAT. § 970.038 is consistent with the federal and state constitutions and is now the law of Wisconsin.

*By the Court.*—Orders affirmed.