STATE of Wisconsin, Plaintiff-Respondent,

v.

David E. HULL, Defendant-Appellant.

Court of Appeals

*No. 2014AP365–CR. Submitted on briefs December 2, 2014.*
*—Decided May 19, 2015.*

2015 WI App 46

(Also reported in 867 N.W.2d 419.)

603

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rick B. Meier* of *Ellis Street Law Office*, Kewaunee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Aaron R. O'Neil*, assistant attorney general.

Before Hoover, P.J., Stark and Hruz, JJ.

¶ 1. HRUZ, J. David Hull appeals a nonfinal order denying his motion to dismiss charges arising

from an alleged sexual assault of a minor.[1] At the preliminary hearing, the alleged victim's statements were introduced through the testimony of an investigating detective. The testimony was offered pursuant to WIS. STAT. § 970.038, a recently enacted statute that authorizes the admission of hearsay evidence at preliminary hearings.[2]

¶ 2. Hull contends WIS. STAT. § 970.038 is an unconstitutional ex post facto law, and he also argues the preliminary hearing was improperly terminated without Hull being allowed to call the alleged victim as a witness. We conclude § 970.038 is not an ex post facto law because it affects only the evidence that may be admitted at the preliminary hearing and does not alter the quantum or nature of evidence necessary to convict the defendant. We further conclude the court commissioner properly refused to allow Hull to call the alleged victim to testify at the preliminary hearing because the anticipated testimony was not relevant to the probable cause inquiry. Accordingly, we affirm, and we remand to the circuit court for further proceedings.

## BACKGROUND

¶ 3. On February 8, 2013, the State charged Hull with one count of first-degree sexual assault of a child under age sixteen by use or threat of force or violence, and one count of second-degree sexual assault of a child under age sixteen. The alleged victim, S.H., and her mother approached police on January 11, 2012,

[1] This court granted leave to appeal a nonfinal order on March 10, 2014.
[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

alleging Hull had sexually assaulted S.H. in a hotel room on the weekend of February 25–27, 2011.

¶ 4. S.H. made the following allegations during a recorded forensic interview. S.H. and her father attended a taxidermy conference at which Hull was also present. S.H. was fourteen years old at the time. After dinner one night, S.H. returned to her hotel room while her father and Hull went out to drink. S.H. stated her father was an alcoholic. Her father and Hull returned to the hotel room at approximately 11:00 p.m. S.H. said her father was drunk and fell between a bed and the wall before passing out next to S.H. on one of the beds in the room.

¶ 5. S.H. further alleged that after her father fell asleep, Hull sexually propositioned S.H. several times before taking off nearly all his clothes and kneeling next to her bed. Hull rubbed her back and leg and asked, "So when do you want to hook up?" S.H. resisted Hull's advances, but Hull threw her on the room's other bed and raped her. S.H. screamed for her father during the assault, but he did not wake up until the next morning. The following day, S.H. told her father that Hull touched her the night before, but S.H. did not think her father believed her.

¶ 6. In 2011, at the time of the alleged offense, most hearsay was prohibited at preliminary hearings. *See* WIS. STAT. §§ 908.07, 970.03(11) (2009–10) (hearsay admissible only for limited, specific purposes, such as proving ownership of property). On April 12, 2012, the legislature repealed section 908.07 and subsection 970.03(11) and enacted WIS. STAT. § 970.038. *See* 2011 Wis. Act 285. Section 970.038 made hearsay admissible at preliminary hearings and authorized courts to

610

find probable cause based on hearsay evidence. By the time Hull was charged, in February 2013, § 970.038 was in effect.[3]

¶ 7. Hull subpoenaed the alleged victim to testify at the first scheduled preliminary hearing on May 1, 2013. The hearing was rescheduled for June 12, 2013, because the alleged victim was hospitalized following a suicide attempt. In the interim, the State filed a motion to quash the subpoena. The State argued the alleged victim's testimony was not relevant to the probable cause determination and was solicited for the improper purpose of discovery. The State also expressed concern for the alleged victim's mental state should she be compelled to testify.

¶ 8. Hull's counsel responded that, since the State opposed requiring the alleged victim to testify, it appeared the State would be relying on hearsay under the recently enacted Wis. Stat. § 970.038 to show probable cause. Counsel noted that constitutional challenges to the statute were then pending before this court. Hull also asserted the statute, as applied to his case, constituted an ex post facto violation, because the statute first became effective after the date of the alleged offense.

¶ 9. The court commissioner decided to bifurcate the preliminary hearing. The State's presentation of evidence would occur during the first portion of the hearing. The commissioner determined hearsay was admissible under Wis. Stat. § 970.038, but he agreed to revisit his ruling if Hull filed a brief providing a legal basis for his ex post facto argument, or if this court invalidated the statute in the meantime. The commis-

---

[3] The effective date of Wis. Stat. § 970.038 was April 27, 2012. *See* 2011 Wis. Act 285.

sioner then stated he would proceed as follows: after the State's presentation of evidence, he would entertain any defense requests for an adjournment to subpoena witnesses; then, the second portion of the hearing would be held if he determined additional evidence was necessary.

¶ 10. On July 17, 2013, this court decided *State v. O'Brien*, 2013 WI App 97, 349 Wis. 2d 667, 836 N.W.2d 840, *aff'd*, 2014 WI 54, 354 Wis. 2d 753, 850 N.W.2d 8, *cert. denied*, 135 S. Ct. 494 (2014), in which we concluded that

> nothing in the State or federal constitutions prohibits allowing the finder of fact at a preliminary examination to consider hearsay evidence and to rely upon hearsay evidence to determine that the State has presented a "believable account of the defendant's commission of a felony." . . . WISCONSIN STAT. § 970.038 is consistent with the federal and state constitutions and is now the law of Wisconsin.

*Id.*, ¶ 26 (no quoted source provided, but apparently quoting *State v. Dunn*, 121 Wis. 2d 389, 397, 359 N.W.2d 151 (1984)). Specifically, we determined WIS. STAT. § 970.038 did not: (1) violate the defendants' fair trial rights, including the right to due process and the right to confront adverse witnesses; (2) limit the defendants' ability to call or cross-examine witnesses to any greater extent than that ability was already limited by the purpose of the preliminary hearing; or (3) violate the defendants' right to effective assistance of counsel. *See O'Brien*, 349 Wis. 2d 667, ¶¶ 10–11, 17, 21–22, 25.

¶ 11. Two days after our *O'Brien* decision, the parties attended the next scheduled hearing in this matter. Hull's counsel agreed the only issue left undecided by *O'Brien* was whether WIS. STAT. § 970.038 was an ex post facto law. Hull relied on *Calder v. Bull*, 3

U.S. 386 (1798), which interpreted the United States Constitution's Ex Post Facto Clause[4] as prohibiting, among other things, any law that "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Id.* at 390. Hull reasoned that the purpose of the preliminary hearing was "to convict the defendant" because "[i]f there's no bind over, there can be no conviction."

¶ 12. The court commissioner disagreed and denied Hull's motion claiming an ex post facto violation. He held that *Calder* was "specifically talking about what is necessary to convict [at trial] as opposed to getting a bind over decision . . . ." The State then called its only witness, police detective Brad Linzmeier, who had investigated the allegations against Hull. Linzmeier testified another officer had taken a written statement from S.H., marked as Exhibit 1, that was consistent with S.H.'s statements during the recorded forensic interview.

¶ 13. Hull objected to Exhibit 1's admissibility on foundation grounds. Specifically, counsel argued:

> I object to any statements that she makes about the condition of another person, particularly her father, and the fact that he is passed out or that he's drunk. There's no foundation for those hearsay statements.

---

[4] The United States Constitution contains two references to ex post facto laws. The first, located in U.S. CONST. art. I, § 9, prohibits Congress from passing such a law, while the second, located in U.S. CONST. art. I, § 10, prohibits the states from passing such a law. As our case concerns only a state law and not an act of Congress, our use of the "Ex Post Facto Clause" in the singular refers only to the prohibition contained in art. I, § 10.

And it doesn't appear that she had personal knowledge of whether he was sleeping or not.

The court commissioner sustained the objection regarding the alleged victim's observations of the father.

¶ 14. After the State concluded its presentation, Hull requested an adjournment to subpoena S.H. and her parents. The State opposed the motion, arguing their testimony was not germane to the purpose of the preliminary hearing because it did not go to the plausibility of the State's witnesses' account. Instead, the State claimed the request was either an attempt to "destroy the credibility of the complaining witness" or a "fishing expedition for discovery."

¶ 15. The court commissioner agreed to allow Hull to subpoena the father. He determined a plausibility issue was raised by S.H.'s statement that she was screaming for her father, who was in the same room but did not wake up at the time. The commissioner deferred a decision on making the alleged victim testify until after the father's testimony, and he rejected Hull's request to require the mother to testify.

¶ 16. The alleged victim's father testified on August 16, 2013. He acknowledged he had limited memory of the events on the night in question due to the passage of time and his alcohol consumption that night. The father stated he started drinking beer in the afternoon and switched to mixed drinks during the evening. He acknowledged being intoxicated on the date in question. When he returned to the hotel room from the bars, he "went into the bathroom and I believe I came back and flopped down on the bed and passed out or fell asleep . . . ." He testified on direct examination that he did not hear his daughter scream, and did

not believe he would have slept through his daughter's rape. However, he gave the following testimony on cross-examination:

> She could have [screamed]. Like I said, I normally don't drink, and before the show I spent several days up getting my mount for the show. I might have been – I'm a heavy sleeper. Plus with the alcohol. I didn't hear nothing. You know, I still . . . it bothers me to this day that I wouldn't have heard anything.

Based on this testimony, the court commissioner concluded it was plausible that the father slept through the assault. Having heard sufficient evidence over the course of the preliminary hearing to find probable cause to believe Hull committed a felony, the court bound Hull over for trial.

¶ 17. Hull then filed a motion to dismiss the charges, arguing that WIS. STAT. § 970.038 was unconstitutional and that the court commissioner improperly terminated the preliminary hearing without allowing him to call the alleged victim to testify. The circuit court denied Hull's motion in an order entered on February 4, 2014. It concluded that all but Hull's ex post facto argument had been resolved by this court's *O'Brien* decision, and that § 970.038 was not an ex post facto law because it "in no way affects the evidence that could be introduced at trial to convict Hull." The court also concluded the court commissioner properly refused to allow Hull to call the alleged victim because her testimony was not relevant and was sought for the improper purposes of obtaining discovery and attacking her credibility.

¶ 18. Hull petitioned for leave to appeal the nonfinal order. The State, observing that our supreme court had accepted review in *O'Brien*, did not oppose

615

the petition. We granted Hull's petition on March 10, 2014, and ordered that Hull's brief be filed no later than forty days after the supreme court released its decision in *O'Brien*.

## DISCUSSION

¶ 19. On July 9, 2014, the supreme court affirmed our *O'Brien* decision. *See O'Brien*, 354 Wis. 2d 753, ¶ 4. The court rejected the petitioners' arguments that WIS. STAT. § 970.038 violated their constitutional rights to confrontation, compulsory process, effective assistance of counsel, and due process. *Id.*, ¶ 2. In the wake of *O'Brien*, Hull's only remaining viable arguments are that (1) the application of WIS. STAT. § 970.038 to his case constituted an ex post facto violation, and (2) the court commissioner improperly terminated the preliminary hearing without permitting him to call the alleged victim as a witness.

. *Ex post facto violation*

¶ 20. We ordinarily review a circuit court's evidentiary rulings for an erroneous exercise of discretion. *See O'Brien*, 354 Wis. 2d 753, ¶ 16. However, a defendant's constitutional challenge to the application of an evidentiary statute presents a question of law that we review without deference to the circuit court. *See id.* We presume that duly enacted laws are constitutional. *State ex rel. Singh v. Kemper*, 2014 WI App 43, ¶ 9, 353 Wis. 2d 520, 846 N.W.2d 820. Hull bears the heavy burden of establishing beyond a reasonable doubt that WIS. STAT. § 970.038 is unconstitutional. *See id.*; *State v. Post*, 197 Wis. 2d 279, 301, 541 N.W.2d 115 (1995).

616

¶ 21. Both the United States and Wisconsin Constitutions prohibit ex post facto laws. *State v. Carpenter*, 197 Wis. 2d 252, 272, 541 N.W.2d 105 (1995) (citing U.S. CONST. art. I, § 9, cl. 3 & § 10, cl. 1; WIS. CONST. art. I, § 12). Believing that the Wisconsin Constitution's protections against ex post facto laws are more limited than those of the federal constitution, Hull invokes only the protections of the federal constitution in his challenge to WIS. STAT. § 970.038.[5]

¶ 22. *Calder* is the seminal case defining the federal ex post facto clause's reach. *Calder* was a civil case; it involved a challenge to a Connecticut law setting aside a judicial decision in a will dispute and ordering a new hearing before the probate court. *Calder*, 3 U.S. at 386–87. In the course of rejecting the

---

[5] We are skeptical of Hull's interpretation of the case law he cites in support of this view. Hull seems to believe that *State v. Haines*, 2003 WI 39, 261 Wis. 2d 139, 661 N.W.2d 72 (holding that Wisconsin's ex post facto clause was not violated by retroactive application of amendment to statute of limitations for child sexual assault), excluded laws "alter[ing] the legal rules of evidence . . . in order to convict the offender" under *Calder v. Bull*, 3 U.S. 386, 390 (1798), from the state constitution's reach. However, as we acknowledged when *Haines* was before us, Wisconsin courts have generally "taken guidance from the United States Supreme Court's interpretation of the ex post facto clause contained in the United States Constitution." *State v. Haines*, 2002 WI App 139, ¶ 8, 256 Wis. 2d 226, 647 N.W.2d 311; *see also State v. Thiel*, 188 Wis. 2d 695, 699, 524 N.W.2d 641 (1994). Although the supreme court did not mention that changes in evidentiary rules can constitute an ex post facto violation, there was no indication this was an intentional attempt to limit the reach of the state ex post facto clause, or to establish the exclusive types of ex post facto violations cognizable under the Wisconsin constitution. *See Haines*, 261 Wis. 2d 139, ¶ 9.

petitioner's argument that the ex post facto clause prohibited the law, Justice Chase expounded upon the clause's proper scope:

> I will state what laws I consider ex post facto laws, within the words and the intent of the prohibition. 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Id.* at 390. The Supreme Court has consistently reaffirmed its adherence to this construction of the ex post facto clause. *See, e.g., Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013); *Carmell v. Texas*, 529 U.S. 513, 521–25 (2000).

■

¶ 23. Hull argues Wis. Stat. § 970.038 violates the fourth prohibition, regarding laws that change the legal rules of evidence to admit "less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." Hull acknowledges § 970.038 affects only the evidence admissible at the preliminary hearing. To reach his conclusion, then, Hull necessarily argues that preliminary examinations are held "in order to convict the offender." *See Calder*, 3 U.S. at 390. Hull reasons that the State cannot obtain a felony conviction unless a court first finds probable cause at the preliminary examination. Therefore, in Hull's view,

618

the preliminary hearing is as much a part of any resulting conviction as the subsequent trial, such that a change in the evidence admissible at the hearing violates the federal ex post facto clause if the law becomes effective after the offense date.

¶ 24. Hull's argument fails. As an initial matter, it largely misapprehends the nature, purpose and requirements for preliminary hearings. Although preliminary proceedings are a critical stage in the criminal process and are held for the protection of the defendant, *O'Brien*, 354 Wis. 2d 753, ¶¶ 21, 23, "[t]he fact that Wisconsin has preliminary examinations at all exceeds the requirements" of the federal constitution, *id.*, ¶ 25. There is no constitutional right to a preliminary hearing. *State v. Schaefer*, 2008 WI 25, ¶ 32, 308 Wis. 2d 279, 746 N.W.2d 457. The Fourth Amendment does require a judicial determination of probable cause prior to an extended restraint of liberty, but adversary proceedings are not necessary. *O'Brien*, 354 Wis. 2d 753, ¶ 25 (citing *Gerstein v. Pugh*, 420 U.S. 103, 120 (1975)). The preliminary examination as it is presently constituted was unknown to the common law, and it is a purely statutory creation. *State v. Friedl*, 259 Wis. 110, 113, 47 N.W.2d 306 (1951); *see also* Wis. Stat. § 970.03.

¶ 25. A conviction does not necessarily flow from a finding of probable cause at the preliminary examination. The preliminary examination's sole purpose is to "determine whether the defendant should be subjected to criminal prosecution and further deprived of his liberty." *Dunn*, 121 Wis. 2d at 394–95. The defendant may be bound over for trial "if the evidence adduced at a preliminary examination establishes to a

619

reasonable probability that a crime has been committed and that the defendant probably committed it." *State ex rel. Huser v. Rasmussen*, 84 Wis. 2d 600, 605, 267 N.W.2d 285 (1978). Unlike a criminal trial, which requires guilt to be proven by a reasonable doubt, the preliminary examination merely involves consideration of "the practical and nontechnical probabilities of everyday life in determining whether there was a substantial basis for bringing the prosecution . . . ." *Id.* at 605–06.

¶ 26. Accordingly, our courts have repeatedly remarked that the preliminary examination is not the equivalent of a full evidentiary trial establishing guilt. *See Schaefer*, 308 Wis. 2d 279, ¶ 34 (citing *Dunn*, 121 Wis. 2d at 396); *see also State ex rel. Huser*, 84 Wis. 2d at 605. Nor is it a mini-trial on the facts. *Schaefer*, 308 Wis. 2d 279, ¶ 34. The preliminary examination is not a forum in which to choose between conflicting factors or inferences, or to weigh the state's evidence against evidence favorable to the accused. *Dunn*, 121 Wis. 2d at 398. In turn, courts are restricted from delving into witness credibility. *Id.* at 397 (citing *Vigil v. State*, 76 Wis. 2d 133, 144, 250 N.W.2d 378 (1977)). If a set of facts supports a reasonable inference that the defendant probably committed a felony, the examining judge must bind the defendant over for trial even if there are other reasonable inferences from the evidence. *Id.* at 398. In short, the preliminary examination is "a summary proceeding to determine essential or basic facts as to probability." *Id.* at 396–97.

¶ 27. While it is certainly true the State must first successfully bind over a defendant in order to later attempt to secure a conviction, that fact is of no moment to our analysis. This basic, procedural reality

does nothing to make "less, or different, testimony, than the law required at the time of the commission of the offence, [available] in order *to convict the offender.*" *Calder*, 3 U.S. at 390 (emphasis added). Indeed, Hull fails to provide *any* legal authority—from any jurisdiction—supporting his tenuous proposition. What is material is that Wis. Stat. § 970.038 did not alter either the nature or the quantum of evidence necessary at trial to convict Hull of the charged offenses. All evidentiary rules governing trials in effect before § 970.038's enactment remained so afterwards.[6]

¶ 28. We conclude a postoffense change in the law making hearsay evidence admissible at a preliminary hearing does not violate a defendant's ex post facto rights. The hearing is not held "in order to convict the offender," but rather to determine if probable cause exists to bind over a defendant for trial, at which the decision whether to convict occurs. Therefore, ex post facto protections do not attach to this change in the evidentiary requirements of such a hearing. Accordingly, Hull has failed to carry his burden of proving Wis. Stat. § 970.038 unconstitutional beyond a reasonable doubt.

## II. Ability to call the alleged victim at the preliminary examination

¶ 29. Hull next argues the court commissioner improperly terminated the preliminary hearing after finding there was sufficient evidence to make a prob-

---

[6] As such, this case is not like *Carmell v. Texas*, 529 U.S. 513 (2000), cited by Hull, in which the United States Supreme Court determined that a Texas law relieving the State of an evidentiary requirement previously necessary to obtain a conviction at trial constituted an ex post facto violation. *See id.* at 530.

able cause determination. Hull summarily contends the court commissioner's action violated his rights to compulsory process, to present evidence, and to the effective assistance of counsel.[7] He asserts that this reduced the preliminary hearing "to farce just as anticipated by [Chief Justice Abrahamson's dissent in *O'Brien*, 354 Wis. 2d 753, ¶ 84]."

¶ 30. We review the issue Hull raises de novo. Both grounds on which the court commissioner based his decision not to allow the alleged victim to testify are subject to our independent review. First, the court commissioner determined the anticipated testimony of the alleged victim was not relevant. Although we treat this decision as discretionary, *see, e.g., State v. Eison*, 2011 WI App 52, ¶ 10, 332 Wis. 2d 331, 797 N.W.2d 890 ("Whether evidence is relevant under Wis. Stat. § 904.02 and should be admitted lies within the discretion of the trial court."), where, as here, the denial of admission of proffered evidence implicates a defendant's constitutional rights, the question is one of constitutional fact that we review de novo, *see State v. Wilson*, 2015 WI 48, ¶ 47, 362 Wis. 2d 193, 864 N.W.2d 52; *State v. Avery*, 2011 WI App 124, ¶ 41, 337 Wis. 2d 351, 804 N.W.2d 216. Second, the commissioner determined the State sufficiently established probable cause based on the other testimony adduced at the preliminary examination, which also presents a question of law. *See State v. Lindberg*, 175 Wis. 2d 332, 342, 500 N.W.2d 322 (Ct. App. 1993) (reviewing courts

---

[7] Hull addresses these claims collectively, without separate argument regarding each of the constitutional or statutory rights of which he was allegedly deprived. Our analysis rejects the bases for each of Hull's arguments, which are, again, identical.

independently determine whether properly admitted evidence, if believed, would permit a reasonable magistrate to conclude the defendant probably committed a felony).

¶ 31. A defendant has a right to present evidence at a preliminary examination. *Schaefer*, 308 Wis. 2d 279, ¶ 35. "The defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf who then are subject to cross-examination." WIS. STAT. § 970.03(5). Accordingly, the defendant "must have compulsory process [available] to assure the appearance of [any] witness[es] and their relevant evidence." *Schaefer*, 308 Wis. 2d 279, ¶ 35.

¶ 32. In *O'Brien*, our supreme court concluded, among other issues, WIS. STAT. § 970.038 did not violate the defendants' Sixth Amendment right to call witnesses pursuant to the compulsory process clause. *See O'Brien*, 354 Wis. 2d 753, ¶¶ 34–39. In doing so, the court observed that nothing in § 970.038 addressed or altered the provisions of WIS. STAT. § 970.03(5), or prohibited the defendants from exercising their rights under that subsection. *O'Brien*, 354 Wis. 2d 753, ¶ 35.

¶ 33. However, the rights granted by WIS. STAT. § 970.03(5) are not unrestricted. *O'Brien*, 354 Wis. 2d 753, ¶ 37 (citing *State v. Knudson*, 51 Wis. 2d 270, 280, 187 N.W.2d 321 (1971)). It is here that Hull's argument fails. To overcome a motion to quash a subpoena in the preliminary hearing context, the defendant "must be able to show that the evidence is relevant to the probable cause determination." *Id.* To reiterate, the weight and credibility of the State's evidence is outside the scope of the preliminary exami-

nation, and any of the defendant's evidence directed toward those issues, rather than plausibility of the State's witnesses' accounts or the probability that a felony has been committed, is properly excluded. *Id.* (citing *Schaefer*, 308 Wis. 2d 279, ¶ 36; *State ex rel. Funmaker v. Klamm*, 106 Wis. 2d 624, 630, 317 N.W.2d 458 (1982)). This limitation is well-established law. *Id.*; *Knudson*, 51 Wis. 2d at 280–81.

¶ 34. Here, Hull's rationale for requesting S.H.'s testimony amply demonstrates his intent to challenge her credibility and use her testimony for discovery, not to rebut the State's evidence regarding probable cause. In his brief to the court commissioner, Hull proposed a series of questions he would ask the alleged victim if she were to testify, which the parties label an "offer of proof" regarding the necessity of the alleged victim's testimony:

> For example, did the victim scream for help when she was assaulted? Did she run out of the room after she was assaulted and ask for help? Did she have her cell phone with her? Did [the] defendant prevent her from calling for help, waking up her dad, or leaving the hotel room? Did she have sperm on her person, or her clothes? Did she have marks or contusions from the force defendant allegedly used upon her? Were those marks or contusions visible to others? Did she show those marks or contusions to her dad when he said he didn't believe her? Why did she allegedly tell her dad that [the] defendant 'touched' her as opposed to telling him that [the] defendant allegedly raped her? What was her reason for waiting one year to report that a total stranger raped her, *et cetera?*

These questions are tantamount to an assertion that the alleged victim's statements to authorities, to which

detective Linzmeier testified, "were a summary and did not necessarily tell the whole story." *See O'Brien*, 354 Wis. 2d 753, ¶ 38. With one exception, and short of an admission to fabricating the entire incident, none of the alleged victim's answers to those questions would have diminished the plausibility of her account.[8] *See Wilson v. State*, 59 Wis. 2d 269, 295, 208 N.W.2d 134 (1973) ("[A]ll that is needed is a believable account of the defendant's commission of a felony."). Hull's appellate arguments never explain how the contemplated questions inform the probable cause determination, as the law requires. *See, e.g., Schaefer*, 308 Wis. 2d 279, ¶ 37.

¶ 35. The lone exception was thoroughly and properly vetted by the court commissioner. The court commissioner recognized that S.H.'s allegation that her screams had gone unheard by her father, who was sleeping in the same room, raised a plausibility issue. Accordingly, the commissioner permitted the defense to subpoena the alleged victim's father, who was ambivalent about whether he would have been awoken by screams in the room that night. Although he did not believe he would have slept through the incident, he could not rule out that possibility given that he is a "heavy sleeper," his lack of sleep in the preceding days, and his alcohol use on the night in question. The court commissioner properly determined this testimony eliminated any plausibility concerns.

[8] For instance, the court could not have ruled out a sexual assault based on evidence demonstrating the alleged victim's conduct following the alleged assault (including her decision not to flee), or based on the presence or absence of a cell phone, sperm, or marks or contusions. Even assuming the alleged victim's answers would be favorable to the defense, the answers still would not have eliminated probable cause that an assault had occurred.

¶ 36. Moreover, Hull's attempt at an offer of proof in this case was insufficient. Although he outlined questions he wished to ask the alleged victim, he admitted he did not have access to the victim and, at best, could only "speculate about what she might say . . . ."[9] Absent any idea what the alleged victim would testify to, and given Hull's failure to conceive of questions that went to the plausibility of the alleged victim's account, counsel's proffer was insufficient to show that her anticipated testimony would have been relevant to the probable cause inquiry. *See O'Brien*, 354 Wis. 2d 753, ¶ 38.

¶ 37. Hull also generically complains his preliminary hearing was reduced to a "farce" by his inability to call the alleged victim. The precise contours of this argument are unclear, and we ordinarily do not address undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶ 38. Nonetheless, we perceive at least two purposes for Hull's "farce" statement. First, Hull may be attempting to give credence to Chief Justice Abrahamson's dissent in *O'Brien*, where she cautioned that the majority's analysis threatened to reduce the preliminary hearing "to a farce, in which a defendant has no ability to challenge or rebut the narrative advanced by the State's proffered double and triple hearsay testimony." *O'Brien*, 354 Wis. 2d 753, ¶ 84 (Abrahamson, C.J., dissenting). Second, Hull may be attempting to argue, as he did before the court commissioner, that WIS. STAT. § 970.038 violated

---

[9] Hull represented that his investigator tried to contact the alleged victim, but her mother refused to allow her to give a statement.

Hull's right to counsel because there was little Hull could do to challenge the plausibility of the State's case without the alleged victim's testimony.

¶ 39. Again, Hull's argument in this regard ignores his failure to explain how any testimony he sought was relevant to a plausibility determination. In any event, and without further opining on the merits, Hull's arguments are misdirected. These matters have been definitively settled by *O'Brien*, and we have no authority to overrule or modify supreme court precedent. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the power to overrule, modify or withdraw language from a previous supreme court case.").

*By the Court.*—Order affirmed and cause remanded for further proceedings.