STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark OLIVER, Defendant-Appellant.

Court of Appeals

*No. 90–0189–CR. Submitted on briefs October 9, 1990.—Decided February 28, 1991.*

(Also reported in 467 N.W.2d 211.)

For the defendant-appellant the cause was submitted on the briefs of *Jack C. Hoag* of *Sedor & Hoag, S.C.* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

141

SUNDBY, J. Mark L. Oliver appeals from an order binding him over for trial on the charge of physical abuse of a child, contrary to sec. 948.03(2)(b), Stats.[1] He claims that the trial court erred in admitting the out-of-court statement of the four-year-old alleged victim under the residual hearsay exception, sec. 908.045(6), Stats. He also claims that the trial court, by finding the alleged victim unavailable as a witness, violated his statutory right to confront the witnesses against him. We reject Oliver's claims and affirm.

The state called the alleged victim, A.S.B., as a witness at Oliver's preliminary examination. The record shows, however, that despite extensive examination by the trial court, A.S.B. was unable to communicate with the court. The court therefore found that A.S.B. was not competent to testify. The court declared A.S.B. to be unavailable as a witness and allowed his father to testify that A.S.B. told him that Oliver caused his injuries by hitting him with a board.

After briefing, the trial court ruled that the father's testimony was admissible under sec. 908.045(6), Stats.[2] The trial court found that A.S.B. was unavailable as a witness under sec. 908.04(1)(b) and (d).[3] Oliver claims

---

[1]We granted Oliver's motion for leave to appeal from the order.

[2]Section 908.045, Stats., provides in part:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . ..

(6) A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness.

[3]Section 908.04(1), Stats., provides in part:

"Unavailability as a witness" includes situations in which the declarant:

that the record does not support the trial court's finding that A.S.B. was unavailable as a witness. We conclude that A.S.B.'s out-of-court statement was admissible under sec. 908.03(24), even if A.S.B. had been available as a witness. Section 908.03 provides in part:

> The following are not excluded by the hearsay rule, *even though the declarant is available as a witness:*
>
> . . ..
>
> (24) A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness. [Emphasis added.]

In *State v. Sorenson,* 143 Wis. 2d 226, 250 n.9, 421 N.W.2d 77, 86 n.9 (1988), the supreme court held that the child victim's statements to the social worker were admissible at the preliminary hearing under either sec. 908.045(6), Stats., or sec. 908.03(24). Whether A.S.B. was available as a witness was therefore irrelevant. We will sustain the trial court's admission of hearsay evidence if the facts and their application to the proper legal analysis support the court's exercise of its discretion. *See Sorenson,* 143 Wis. 2d at 250, 421 N.W.2d at 87.

However, A.S.B.'s out-of-court statement to his father was not admissible under sec. 908.03(24), Stats., unless it had circumstantial guarantees of trustworthi-

. . ..
(b) Persists in refusing to testify concerning the subject matter of his statement despite an order of the judge to do so; or
. . ..
(d) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity . . ..

ness comparable to those justifying the hearsay exceptions enumerated in sec. 908.03(1) to (23). As noted by the supreme court in *Sorenson,*

> The guarantees of trustworthiness which are found in the enumerated hearsay exceptions have been consolidated by Wigmore in his treatise on evidence as resting upon one or more of the following underlying premises:
>
> > "a.   Where the circumstances are such that sincere and accurate statement would naturally be uttered, and no plan of falsification be formed;
> >
> > b.   Where, even though a desire to falsify might present itself, other considerations such as the danger of easy detection or the fear of punishment would probably counteract its force;
> >
> > c.   Where the statement was made under such conditions of publicity that an error, if it had occurred, would probably have been detected and corrected." 5 J. Wigmore, *Evidence* sec. 1423 at 254 (Chadbourn rev. 1974).

*Sorenson,* 143 Wis. 2d at 243–44, 421 N.W.2d at 84.

In *Sorenson,* the court applied five factors in assessing the admissibility of the child victim's statements under the residual exception. Although the child in *Sorenson* was the alleged victim of a sexual assault, the factors announced by the court therein may be applied in assessing the admissibility, under the residual exception, of the statements of a child who has been the victim of physical abuse. Plainly, however, several of the factors may not have the same weight in a physical abuse case as they will have in a sexual assault case.

The factors announced by the *Sorenson* court include the following:

First, the attributes of the child making the statement should be examined, including age, ability to communicate verbally, to comprehend the statements or questions of others, to know the difference between truth and falsehood, and any fear of punishment, retribution or other personal interest, such as close familial relationship with the defendant, expressed by the child which might affect the child's method of articulation or motivation to tell the truth.

Second, the court should examine the person to whom the statement was made, focusing on the person's relationship to the child, whether that relationship might have an impact upon the statement's trustworthiness, and any motivation of the recipient of the statement to fabricate or distort its contents.

Third, the court should review the circumstances under which the statement was made, including relation to the time of the alleged assault, the availability of a person in whom the child might confide, and other contextual factors which might enhance or detract from the statement's trustworthiness.

Fourth, the content of the statement itself should be examined, particularly noting any sign of deceit or falsity and whether the statement reveals a knowledge of matters not ordinarily attributable to a child of similar age.

Finally, other corroborating evidence, such as physical evidence of assault, statements made to others, and opportunity or motive of the defendant, should be examined for consistency with the assertions made in the statement.

*Sorenson,* 143 Wis. 2d at 245-46, 421 N.W.2d at 84-85.

Before applying these factors, we emphasize that, even if the declarant's hearsay statement is admissible under the residual exception, the hearsay statement may not be sufficiently reliable to pass Confrontation Clause scrutiny. In *Idaho v. Wright,* 497 U.S. —, 110 S. Ct.

145

3139, 3148 (1990), the United States Supreme Court stated:

> Hearsay statements admitted under the residual exception, almost by definition . . . do not share the same tradition of reliability that supports the admissibility of statements under a firmly rooted hearsay exception. Moreover, were we to agree that the admission of hearsay statements under the residual exception automatically passed Confrontation Clause scrutiny, virtually every codified hearsay exception would assume constitutional stature, a step this Court has repeatedly declined to take.

Because Oliver did not have a constitutional right of "confrontation" at his preliminary examination, we need only determine whether A.S.B.'s hearsay statement demonstrated circumstantial guarantees of trustworthiness sufficient to be admissible under sec. 908.03(24), Stats. We do not consider whether A.S.B.'s statement was sufficiently reliable to pass Confrontation Clause scrutiny.

We apply the *Sorenson* factors to the facts of this case. First, we examine A.S.B.'s attributes. Although A.S.B. could not communicate verbally with the court, he could communicate verbally with his father. His answer to his father's inquiry as to the cause of his bruises was responsive. There is no suggestion that he did not know the difference between a truthful statement and a lie. Although A.S.B. lived with his mother and Oliver, there is no suggestion that he had a close familial relationship with Oliver which might have affected his method of articulation or motivation to tell the truth. Oliver does not suggest that A.S.B. lied to avoid punishment from either his father or Oliver.

Second, we look to the person to whom A.S.B.'s statement was made. In contrast to the sexual assault circumstance, it would be natural for a child who has been physically abused by another to inform a parent of that abuse. Therefore, A.S.B.'s relationship with the person to whom he made his statement—his father—has a circumstantial guarantee of trustworthiness.

Oliver argues that A.S.B.'s father had a motive to fabricate A.S.B.'s statement; he was the "jilted lover." The state contends that the credibility of a witness is not an issue at a preliminary examination. *See State ex rel. Funmaker v. Klamm,* 106 Wis. 2d 624, 630, 317 N.W.2d 458, 461 (1982) (credibility issues properly determined at trial, not at preliminary examination). We are not concerned with Oliver's general credibility but with whether A.S.B.'s hearsay statement possesses the requisite circumstantial guarantees of trustworthiness to be admissible under the residual hearsay exception. We examine the father's motive to fabricate only as it weighs in the decision to admit or exclude A.S.B.'s hearsay statement. Because the rules of evidence apply at preliminary examinations, *State v. Robles,* 157 Wis. 2d 55, 61, 458 N.W.2d 818, 821 (Ct. App. 1990), the tests for the admissibility of hearsay evidence likewise apply.

Third, we review the circumstances under which the statement was made. Oliver's alleged assault occurred three days before A.S.B. informed his father. A.S.B. may have been reluctant to confide in his mother because Oliver was her boyfriend. The disclosure came in an unremarkable home setting, while the father was preparing A.S.B. for his shower.

Fourth, we examine the content of the statement itself. A.S.B. was asked how he got the bruises his father observed. He immediately responded that "Mark" hit

him with a board. This statement does not contain any sign of deceit or falsity.

Finally, we look at corroborating evidence.[4] A.S.B.'s statement that he was hit with a board is corroborated by the evidence of his physical injuries. Oliver resided with A.S.B. and his mother and had the opportunity to inflict A.S.B.'s injuries.

The totality of these factors leads us to conclude that A.S.B.'s statement possesses the requisite circumstantial guarantees of trustworthiness to be admissible under sec. 908.03(24), Stats.

Oliver claims, however, that in declaring that A.S.B. was unavailable as a witness, the trial court denied him his statutory right to "confront" the witnesses against him. Section 970.03(5), Stats., provides: "All witnesses shall be sworn and their testimony reported by a phonographic reporter. The defendant may cross-examine witnesses against him . . .." In *State v. Padilla,* 110 Wis. 2d 414, 424, 329 N.W.2d 263, 269 (Ct. App. 1982), we held that sec. 970.03(5) "permits cross-examination of only those people actually called to the stand." We reasoned

---

[4]If we were reviewing the particularized guarantees of trustworthiness necessary for admission of hearsay statements under the Confrontation Clause, we could not rely on extrinsic corroborating factors, such as the presence of physical evidence of abuse. *Idaho v. Wright,* 497 U.S. —, —, 110 S. Ct. 3139, 3150–51 (1990). In *Wright,* the United States Supreme Court held that, "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." *Id.,* 110 S. Ct. at 3150. *Sorenson,* however, permits us to examine other evidence at trial to determine whether a hearsay statement has the particularized guarantees of trustworthiness necessary for admission under the residual hearsay exception.

that if hearsay evidence is admissible, it may be used by the witness as a "probative building block" in telling the witness's plausible story to the magistrate. As long as the witness may be cross-examined, the defendant's rights under sec. 970.03(5) are protected. Oliver had no right under the statute to "confront" the hearsay declarant. *See Id.* at 426, 329 N.W.2d at 270.

*By the Court.*—Order affirmed.