# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1769-CR, 2012AP1770-CR, 2012AP1863-CR |
| COMPLETE TITLE: | State of Wisconsin,<br>       Plaintiff-Respondent,<br>   v.<br>Martin P. O'Brien,<br>       Defendant-Appellant-Petitioner.<br>------------------------------------------------<br>State of Wisconsin,<br>       Plaintiff-Respondent,<br>   v.<br>Kathleen M. O'Brien,<br>       Defendant-Appellant-Petitioner.<br>------------------------------------------------<br>State of Wisconsin,<br>       Plaintiff-Respondent,<br>   v.<br>Charles E. Butts,<br>       Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 349 Wis. 2d 667, 836 N.W.2d 840
(Ct. App. 2013 – Published)
PDC No: 2013 WI 97

| | |
|---|---|
| OPINION FILED: | July 9, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 14, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit/Circuit/Circuit |
| COUNTY: | Walworth/Walworth/Kenosha |
| JUDGE: | John R. Race/James L. Carlson/Anthony G. Milisauskas |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, C.J., dissents. (Opinion filed.) |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner Charles E. Butts, there were briefs by *Terry W. Rose* and *Rose & Rose*, Kenosha, and oral argument by *Terry W. Rose*.

For the defendants-appellants-petitioners Martin P. O'Brien and Kathleen M. O'Brien, there were briefs by *Jerome F. Buting* and *Buting, Williams & Stilling, S.C.*, Brookfield; and *Kathleen M. Quinn*, Milwaukee. Oral argument by *Jerome F. Buting*.

For the plaintiff-respondent, the cause was argued by *Jeffrey J. Kassel*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

An amicus curiae brief was filed by *Marcus J. Berghahn* and *Hurley, Burish & Stanton, S.C.,* Madison; and *Devon M. Lee*, assistant state public defender, on behalf of the Wisconsin Association of Criminal Defense Lawyers and Wisconsin Office of the State Public Defender.

2014 WI 54

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP1769, 2012AP1770, 2012AP1863
(L.C. No. 2012CF00229, 2012CF000230, 2012CF000466)

STATE OF WISCONSIN          :          IN SUPREME COURT

**State of Wisconsin,**

        **Plaintiff-Respondent,**

    **v.**

**Martin P. O'Brien,**

        **Defendant-Appellant-Petitioner.**

_____

**State of Wisconsin,**

        **Plaintiff-Respondent,**

    **v.**

**Kathleen O'Brien,**

        **Defendant-Appellant-Petitioner.**

_____

**State of Wisconsin,**

        **Plaintiff-Respondent,**

    **v.**

**Charles E. Butts,**

        **Defendant-Appellant-Petitioner.**


**FILED**

JUL 9, 2014

Diane M. Fremgen
Clerk of Supreme Court


REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANN WALSH BRADLEY, J. The petitioners, Martin and Kathleen O'Brien and Charles Butts, seek review of a published court of appeals decision that affirmed the circuit courts' determinations that the use of hearsay at the petitioners' preliminary examinations was constitutionally permissible.[1]

¶2 On review, petitioners assert that the newly enacted Wis. Stat. § 970.038 (2011-12),[2] which permits hearsay evidence at preliminary examinations, violates their constitutional rights. Specifically, they argue that the rights to confrontation, compulsory process, effective assistance of counsel, and due process are violated by the application of Wis. Stat. § 970.038 in preliminary examinations.

¶3 We determine that petitioners have failed to meet the heavy burden of showing beyond a reasonable doubt that Wis. Stat. § 970.038 is unconstitutional. The scope of preliminary examinations is limited to determining whether there is probable cause to believe that a defendant has committed a felony. Following precedent, we conclude that there is no constitutional right to confrontation at a preliminary examination. Further, due to the limited scope of preliminary examinations, we

---

[1] The circuit court orders were consolidated on appeal. State v. O'Brien, 2013 WI App 97, 349 Wis. 2d 667, 836 N.W.2d 840 (affirming orders of the circuit court for Walworth County, John R. Race, Judge, and James L. Carlson, Judge, and the circuit court for Kenosha County, Anthony G. Milisaukas, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

determine that the admission of hearsay evidence does not violate petitioners' rights to compulsory process, effective assistance of counsel, or due process.

¶4   Finally, we decline petitioners' invitation to impose new rules limiting the admissibility of hearsay at preliminary examinations.  Wisconsin Stat. § 970.038 does not set forth a blanket rule that all hearsay be admitted.  Circuit courts remain the evidentiary gatekeepers.  They must still consider, on a case-by-case basis, the reliability of the State's hearsay evidence in determining whether it is admissible and assessing whether the State has made a plausible showing of probable cause.  Accordingly, we affirm the decision of the court of appeals.

I

¶5   The facts and history in these consolidated cases differ, but they share common issues.

¶6   The complaint against the O'Briens alleges ten counts of child abuse and seven counts of disorderly conduct.  It identifies six adopted children, four of whom were siblings the O'Briens adopted from Russia.  According to the complaint the allegations were based on the children's reports of various incidents with the O'Briens.  The complaint further indicates that some of the allegations were corroborated by statements in Kathleen O'Brien's journal and others were corroborated by the O'Briens' biological daughter.

¶7   Martin O'Brien filed a motion to preclude hearsay evidence at the preliminary examination and Kathleen O'Brien

joined in the motion.  It challenged the constitutionality of Wis. Stat. § 970.038, which permits hearsay at a preliminary examination.  The circuit court denied the motion.

¶8   At the O'Briens' preliminary examination the State presented the testimony of Investigator Domino, who had signed the complaint next to a statement that she was swearing to its accuracy.  She had no personal knowledge of the allegations in the complaint.  According to her testimony, Domino reviewed the complaint and compared it with police reports and her memory before signing it.  She stated that she was present while Ms. Hocking, a social worker from the Walworth County Department of Health and Human Services, interviewed some of the children and that she viewed the other interviews on videotape.  Domino also had the opportunity to speak directly with one of the children, S.M.O., in a follow-up interview.  After she testified to the basis for the statements in the complaint, the court received the complaint into evidence.

¶9   On cross-examination, Domino clarified that one of the children named in the complaint was not interviewed at all.  She acknowledged that the complaint did not contain the complete statement from S.M.O. that provided the factual basis for count one, but was a summary.  The other counts were based on the interviews she reviewed.  Domino stated that she also reviewed Kathleen O'Brien's journal before testifying in order to determine the dates of various incidents.  Although she provided some additional detail during cross-examination, Domino could

not remember enough about the interviews to respond to many of counsels' questions.

¶10  After the State rested, the O'Briens sought to present the testimony of S.M.O., whom they had subpoenaed as a witness. The State objected, arguing that the O'Briens needed to provide an offer of proof before introducing the witness.  The O'Briens responded that S.M.O.'s testimony was relevant because it would fill in the gaps in Investigator Domino's story.  They explained that if the complete story was disclosed, it may appear that the actions were accidental as opposed to intentional.  However, they were not sure what S.M.O. would actually say.  The circuit court determined that a claim of accident is a defense, and thus not relevant to a preliminary examination.  Accordingly, it sustained the objection.  The O'Briens were bound over for trial.

¶11  The complaint against Butts contains four counts of sexual assault of a child as a persistent repeater and two counts of child enticement as a persistent repeater.  The first four counts involved two incidents with A.V.  The complaint indicates that the probable cause for those counts was provided by statements from A.V., her mother, and Butts regarding the incident.  Counts four and five involved incidents with A.R.E. and her brother.  The complaint indicates that the probable cause for those counts was based on statements from A.R.E., her stepmother, A.R.E.'s mother, and A.R.E.'s stepfather.

¶12  Butts submitted a motion to preclude hearsay at his preliminary examination, arguing that Wis. Stat. § 908.038

5

violated his constitutional rights. At the motion hearing, the State acknowledged that it intended to rely on the statute and to present a police officer at the preliminary examination who would testify about the children's statements. The children would not be present. The circuit court denied Butts' motion.

¶13 At Butts' preliminary examination the State moved into evidence a transcript from a prior preliminary hearing regarding A.R.E.'s allegations. The State also presented the testimony of Detective Barfoth. She testified that she had been assigned to investigate the case involving A.R.E. Barfoth spoke with A.R.E. who told her about the alleged incident. After Barfoth presented her with a photo lineup, A.R.E. identified Butts. Barfoth also identified a statement given by A.V. and then read it into the record. On cross-examination, Barfoth testified that she was not sure who took the statement from A.V. and that she was not present when the statement was taken.

¶14 The State then moved A.V.'s statement into evidence, rested its case, and asked that Butts be bound over for trial. In response, Butts moved for a dismissal. The court determined that there was probable cause to believe that a felony or felonies were committed and that Butts committed a felony and bound Butts over for trial.

¶15 The court of appeals accepted and consolidated interlocutory appeals from Butts and the O'Briens challenging the constitutionality of Wis. Stat. § 970.038 on various grounds. In its decision, the court of appeals emphasized the circuit court's duty "to consider the apparent reliability of

the State's evidence." State v. O'Brien, 2013 WI App 97, ¶2, 349 Wis. 2d 667, 836 N.W.2d 840. Observing that the probable cause determination is made on a case-by-case basis, it acknowledged that "the hearsay nature of evidence may, in an appropriate case, undermine the plausibility of the State's case." Id. Ultimately, however, it concluded that the admission of hearsay evidence pursuant to Wis. Stat. § 970.038 presents no blanket constitutional problems.

II

¶16 In this case we are asked to review the constitutionality of newly enacted Wis. Stat. § 970.038 which permits the use of hearsay evidence at a preliminary examination. Although evidentiary rulings are generally deemed a matter for the circuit court's discretion, a constitutional challenge presents a question of law which we review independently of the decisions rendered by the circuit court and the court of appeals. State v. Muckerheide, 2007 WI 5, ¶17, 298 Wis. 2d 553, 725 N.W.2d 930; State v. Quintana, 2008 WI 33, ¶12, 308 Wis. 2d 615, 748 N.W.2d 447.

¶17 A party challenging the constitutionality of a statute bears the burden of showing beyond a reasonable doubt that the statute violates the constitution. State v. Williams, 2012 WI 59, ¶11, 341 Wis. 2d 191, 814 N.W.2d 460. This is a heavy burden as statutes are presumed constitutional and we resolve any reasonable doubt in favor of upholding a challenged statute. Bostco LLC v. Milwaukee Metro. Sewerage Dist., 2013 WI 78, ¶76, 350 Wis. 2d 554, 835 N.W.2d 160.

III

¶18 Our analysis begins with a brief overview of preliminary examinations.  We then address in turn each of the constitutional challenges that the petitioners present, beginning with their challenge based on the Confrontation Clause, followed by their challenges alleging violations of the right to compulsory process, the right to effective assistance of counsel, and the right to due process.  Finally, we discuss the petitioners' request that we impose new rules limiting the admissibility of hearsay evidence at preliminary examinations.

A

¶19 A defendant charged with a felony is entitled to a hearing pursuant to Wis. Stat. § 970.03 to determine whether there is probable cause to believe that a felony has been committed by that defendant.  This hearing is referred to as a preliminary examination.  The right to a preliminary examination is not constitutionally guaranteed and is solely a statutory right.  State v. Schaefer, 2008 WI 25, ¶84, 308 Wis. 2d 279, 746 N.W.2d 457; State v. Dunn, 121 Wis. 2d 389, 393, 359 N.W.2d 151 (1984); State v. Camara, 28 Wis. 2d 365, 370, 137 N.W.2d 1 (1965).

¶20 Traditionally, Wisconsin's rules of evidence, set forth in chs. 901 to 911, Stats., have applied to preliminary examinations.  State v. Moats, 156 Wis. 2d 74, 85, 457 N.W.2d 299 (1990).  Under those rules hearsay is inadmissible unless permitted by rule or statute.  Wis. Stat. § 908.02.  The legislature recently enacted Wis. Stat. § 970.038 permitting the

admission of hearsay evidence at a preliminary examination and permitting a court to make the probable cause determination "in whole or in part" based on hearsay evidence. It provides:

> (1) Notwithstanding s. 908.02, hearsay is admissible in a preliminary examination under ss. 970.03, 970.032, and 970.035.
>
> (2) A court may base its finding of probable cause under s. 970.03(7) or (8), 970.032(2), or 970.035 in whole or in part on hearsay admitted under sub. (1).

Wis. Stat. § 970.038.

¶21 The court has often referred to the important purpose preliminary examinations serve in protecting defendants and the public from unwarranted prosecution. In essence, they serve as a check on prosecutorial discretion. For example, as far back as 1922, the court stated:

> The object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.

Thies v. State, 178 Wis. 98, 103, 189 N.W. 539 (1922).

¶22 More recently, the court reiterated this point explaining that "[r]equiring a finding of probable cause protects the defendant's due process rights and guards against undue deprivations of the defendant's liberty." State v. Richer, 174 Wis. 2d 231, 240, 496 N.W.2d 66 (1993); see also State v. Hooper, 101 Wis. 2d 517, 544-45, 305 N.W.2d 110 (1981)

9

(it is the purpose of a preliminary examination to determine whether there is "a substantial basis for bringing the prosecution and further denying the accused his right to liberty.").

¶23 Highlighting the importance of these proceedings, we have referred to them as a "critical stage" in the criminal process. Schaefer, 308 Wis. 2d 279, ¶84; State v. Wolverton, 193 Wis. 2d 234, 252, 533 N.W.2d 167 (1995) (citing Coleman v. Alabama, 399 U.S. 1, 9 (1970)); see also Gates v. State, 91 Wis. 2d 512, 522, 283 N.W.2d 474 (Ct. App. 1979).

¶24 The scope of preliminary examinations is narrow.  It is limited to determining whether the account presented by the State, if believed, has a plausible basis supporting a probable cause determination. State v. Padilla, 110 Wis. 2d 414, 423-24, 329 N.W.2d 263 (Ct. App. 1982); see also Dunn, 121 Wis. 2d at 398 ("probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony.").  These examinations are intended to be summary in nature and not mini-trials. Schaefer, 308 Wis. 2d 279, ¶34; Dunn, 121 Wis. 2d at 396-97; Hooper, 101 Wis. 2d at 544-45.

¶25 The fact that Wisconsin has preliminary examinations at all exceeds the requirements of the Fourth Amendment.  The United States Supreme Court has concluded that although the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to the extended restraint on liberty, adversary proceedings are not necessary. Gerstein v. Pugh, 420

U.S. 103, 120 (1975).   Due to the limited scope of probable cause determinations, informal proceedings are sufficient.  Id.

¶26  The Gerstein Court further opined that the probable cause determination may be made "on hearsay and written testimony."  Id.  It explained that the value of confrontation and cross-examination "would be too slight to justify holding, as a matter of constitutional principle, that these formalities and safeguards designed for trial must also be employed in making the Fourth Amendment determination of probable cause." Id. at 122.

¶27 With this background, we turn to petitioners' arguments.

B

¶28  The petitioners assert that by permitting the use of hearsay evidence at preliminary examinations, Wis. Stat. § 970.038 violates their rights under the Confrontation Clause. This argument is premised upon the assumption that the Confrontation Clause applies to preliminary examinations. Because we conclude that this underlying assumption is flawed, we must reject petitioners' argument.

¶29  The right to confront one's accuser is found in the Sixth Amendment to the United States Constitution.  It provides that:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const., Amend. VI. In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court determined that the Confrontation Clause prohibits the use of testimonial hearsay at a criminal trial unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. The issue in Crawford was presented in the context of a criminal trial and, accordingly, the court did not address whether the Confrontation Clause applied to preliminary hearings.

¶30 However, that issue has been addressed by Wisconsin courts. Our caselaw establishes that the Confrontation Clause does not apply to preliminary examinations. State ex rel. Funmaker v. Klamm, 106 Wis. 2d 624, 634, 317 N.W.2d 458 (1982) (citing Mitchell v. State, 84 Wis. 2d 325, 336, 267 N.W.2d 349 (1978)) ("There is no constitutional right to confront adverse witnesses at a preliminary examination."); State v. Oliver, 161 Wis. 2d 140, 146, 467 N.W.2d 211 (Ct. App. 1991) ("[Defendant] did not have a constitutional right of 'confrontation' at his preliminary examination."); Padilla, 110 Wis. 2d at 422 ("Of course, there is no constitutional right to confront a witness at a preliminary examination.").

¶31 Our precedent is consistent with that of other jurisdictions which have determined that a defendant's right to confront accusers is a trial right that does not apply to preliminary examinations. See, e.g., Peterson v. California, 604 F.3d 1166, 1170 (9th Cir. 2010); State v. Lopez, 314 P.3d 236, 241-42 (N.M. 2013); Leitch v. Fleming, 732 S.E.2d 401, 404 (Ga. 2012); State v. Timmerman, 218 P.3d 590, 594 (Utah 2009);

12

Sheriff v. Witzenburg, 145 P.3d 1002, 1005 (Nev. 2006); Whitman v. Superior Court, 820 P.2d 262, 270 (Cal. 1991); Commonwealth v. Tyler, 587 A.2d 326, 328 (Pa. Super. Ct. 1991); Blevins v. Tihonovich, 728 P.2d 732, 734 (Colo. 1986); State v. Sherry, 667 P.2d 367, 376 (Kan. 1983); Wilson v. State, 655 P.2d 1246, 1250 (Wyo. 1982); People v. Blackman, 414 N.E.2d 246, 247-48 (Ill. App. Ct. 1980).

¶32 Petitioners contend that even if there is no constitutional right to confront witnesses at a preliminary hearing, they have a statutory confrontation right preserved in Wis. Stat. § 970.03(5). That statute provides that "[t]he defendant may cross-examine witnesses against the defendant." Wis. Stat. § 970.03(5).

¶33 Contrary to petitioners' assertions the statute does not create a confrontation right. As the Padilla court explained, Wis. Stat. § 970.03(5) does not require the State to present a defendant with hearsay declarants for cross-examination, rather it "permits cross-examination of only those people actually called to the stand." 110 Wis. 2d at 424. This interpretation is supported by the Judicial Council Note (1990) to Wis. Stat. § 970.03 which states "[t]he right to confront one's accusers does not apply to the preliminary examination." Accordingly, we conclude that the petitioners have failed to demonstrate beyond a reasonable doubt that Wis. Stat. § 970.038 violates any constitutional or statutory right to confrontation.

C

13

¶34 We turn next to petitioners' assertion that Wis. Stat. § 970.038 violates their right to call witnesses pursuant to the compulsory process clause.  We acknowledge that defendants have a right to compulsory process at preliminary hearings. Schaefer, 308 Wis. 2d 279, ¶35.  However, we determine that this right is not violated by Wis. Stat. § 970.038.

¶35 As noted above, Wis. Stat. § 970.038 permits the use of hearsay at a preliminary examination.  However, it does not address or alter the provisions in Wis. Stat. § 970.03(5) authorizing defendants to call witnesses, nor does it prevent them from doing so.[3]

¶36 The O'Briens specifically allege that the circuit court applied Wis. Stat. § 970.038 to justify its narrow view of relevancy and quash their subpoena for S.M.O., thereby infringing on their compulsory process rights.  We are not convinced.

¶37 A defendant's right to call witnesses at a preliminary examination is not an unrestricted right.  State v. Knudson, 51 Wis. 2d 270, 280, 187 N.W.2d 321 (1971).  To overcome a motion to quash a subpoena at a preliminary examination, the defendant must be able to show that the evidence is relevant to the probable cause determination.

---

[3] Wisconsin Stat. § 970.03(5) states: "All witnesses shall be sworn and their testimony reported by a phonographic reporter. The defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf who then are subject to cross-examination."

> [A]lthough a defendant may subpoena witnesses and evidence for the preliminary examination, his subpoena may be quashed, a witness may not be allowed to testify, or evidence may be excluded if the defendant is unable to show the relevance of the testimony or evidence to the rebut probable cause.

Schaefer, 308 Wis. 2d 279, ¶37.  Issues relating to weight and credibility are outside the scope of a preliminary examination. Id. at ¶36; Klamm, 106 Wis. 2d at 630.  It is not intended to serve a discovery function.  Knudson, 51 Wis. 2d at 281.

¶38 Counsel's statements at the preliminary examination reveal that Martin O'Brien sought to subpoena S.M.O., a child witness, for purposes of discovery.  When asked for a proffer as to what S.M.O. would testify about, counsel for Martin O'Brien responded that Investigator Domino's statements were a summary and did not necessarily tell the whole story.  Counsel suggested that the victim's statements could have been taken out of context.  She explained that the complete story could reveal that certain actions were not intentional.  However, she indicated that the victim may not contradict Investigator Domino's testimony, stating "I don't really know."  Absent any idea what S.M.O. would testify to, counsel's proffer was insufficient to show that S.M.O.'s testimony would be relevant to the probable cause inquiry.

¶39 Thus, the circuit court quashed the O'Briens' subpoena for the testimony of S.M.O. because the O'Briens were unable to establish that it would be relevant to the probable cause inquiry.  The court's narrow view of admissibility was not based on Wis. Stat. § 970.038.  Rather, it was based on the narrow

scope of the examination: determining whether there is probable cause to believe that the defendant has committed a felony. See Schaefer, 308 Wis. 2d 279, ¶85. Accordingly, we conclude that the petitioners failed to carry their burden of showing beyond a reasonable doubt that Wis. Stat. § 970.038 on its face or in its application violates the right to compulsory process.

D

¶40 We turn now to the impact of Wis. Stat. § 970.038 on a defendant's right to assistance of counsel. It is well established that a preliminary examination is a critical stage of the prosecution at which the defendant is entitled to counsel. Coleman v. Alabama, 399 U.S. 1, 10 (1970) ("[T]he Alabama preliminary hearing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid [of counsel] . . . as at the trial itself.'"); Schaefer, 308 Wis. 2d 279, ¶84 ("[A] preliminary hearing is a critical stage in the criminal process. Consequently, every defendant charged with a felony in Wisconsin is constitutionally entitled to the assistance of counsel at a preliminary hearing."); Wolverton, 193 Wis. 2d at 253 ("[T]he Wisconsin preliminary hearing is undoubtedly a 'critical stage' of the Wisconsin criminal process. Hence, every defendant charged with a felony in Wisconsin is constitutionally entitled to the assistance of counsel at the preliminary hearing.").

¶41 Petitioners assert that the use of hearsay evidence at a preliminary hearing necessarily precludes the effective assistance of counsel. They contend that where the only

16

evidence the State presents is hearsay, counsel has no ability to effectively argue before the court.

¶42 A similar challenge was addressed in Schaefer, 308 Wis. 2d 279. There, the court considered whether the inability of counsel to access police reports and other investigatory materials violated a defendant's right to assistance of counsel at a preliminary hearing. Id. at ¶83. It explained that the nature of the proceedings shapes the determination of what constitutes effective assistance of counsel:

> In considering [defendant's] right to effective assistance of counsel at a preliminary examination, we must keep in mind the narrow purpose of the hearing. "[T]he limited scope of the preliminary hearing compresses the contours of the sixth amendment." "In particular, the defendant's right to present evidence and cross-examine the state's witnesses is severely limited by the summary nature of the preliminary hearing."

Id. at ¶85 (internal citations omitted). Given the limited scope of preliminary examinations, the court determined that the inability of counsel to obtain the evidence at issue prior to the preliminary examination did not render him ineffective. Id. at ¶91.

¶43 Likewise, here we determine that the admission of hearsay at a preliminary hearing does not infringe on defendants' right to assistance of counsel. "[T]he constitution does not require that counsel be allowed to play the same role [at a preliminary examination] as counsel at trial. A counsel's role is necessarily limited by the limited scope of the preliminary examination." Klamm, 106 Wis. 2d at 634. Contrary

17

to petitioners' assertions, the admission of hearsay does not eliminate counsel's ability to provide assistance at a preliminary examination.  Counsel retains the ability to cross-examine the witnesses presented by the State, challenge the plausibility of the charges against the defendant, argue that elements are not met, and present witnesses on behalf of the defendant.  Wis. Stat. § 970.03.

¶44  The record here reveals that Wis. Stat. § 970.038 did not render counsel ineffective at the preliminary examinations. At the O'Briens' preliminary examination, counsel cross-examined Investigator Domino.  They asked probing questions aimed at whether the complaint accurately reflected the reports and interviews Investigator Domino had reviewed.  They also made closing arguments about the complainants' failure to identify the defendants, the failure to show injury, and the hearsay declarants' inability to observe all of the alleged abuse.  In addition, they objected to the broad timespan alleged in the complaint.  These actions demonstrate that the O'Briens' counsel assisted the O'Briens at the preliminary examination and were not ineffective due to the admission of hearsay.

¶45 Likewise, Butts' counsel was not prevented from assisting Butts at his preliminary examination.  She cross-examined Detective Barfoth, asking who took the statement from the alleged victim.  She also presented the argument that the statement introduced into evidence was insufficient because it did not identify defendant as the person in the statement.  She further argued that there was an insufficient basis for

18

establishing venue. Indeed, the circuit court agreed that venue had not been established for one of the counts, but bound Butts over for trial because it had to determine probable cause on only one of the felony counts. Accordingly, we conclude that the petitioners have failed to demonstrate beyond a reasonable doubt that the introduction of hearsay evidence violated a right to effective assistance of counsel.

E

¶46 We address next the petitioners' argument that the introduction of hearsay at preliminary examinations violates the right to due process. A due process challenge concerns the fairness of governmental action or proceedings. State ex rel. Lyons v. De Valk, 47 Wis. 2d 200, 205, 177 N.W.2d 106 (1970). The United States Supreme Court has determined that informal proceedings are sufficient for probable cause determinations and that states have discretion in establishing the procedures for such determinations. Gerstein, 420 U.S. at 121. Thus, the right to a preliminary examination is solely a statutory right. Schaefer, 308 Wis. 2d 279, ¶84; Dunn, 121 Wis. 2d 389, 393; Camara, 28 Wis. 2d 365, 370.

¶47 Although a defendant is entitled to due process at hearings created by statute, that does not mean that every time a statute creates a right to a hearing, a party is entitled to the full panoply of rights available at a criminal trial. To the contrary, we have repeatedly held that a preliminary hearing is not a preliminary trial or a mini-trial. Schaefer, 308 Wis.

19

2d 279, ¶34; State v. Stuart, 2005 WI 47, ¶30, 279 Wis. 2d 659, 695 N.W.2d 259; Dunn, 121 Wis. 2d at 396-97.

¶48 Thus, not all the procedural rights available in a criminal trial are available at a preliminary examination. See, e.g., Mitchell, 84 Wis. 2d at 336 (there is no confrontation right at a preliminary examination); State v. White, 2008 WI App 96, ¶13, 312 Wis. 2d 799, 754 N.W.2d 214 (limiting the scope of cross-examination); Padilla, 110 Wis. 2d at 424 (limiting the right to cross-examination to only those witnesses called to the stand). As noted above, preliminary examinations are limited in scope to determining whether there is probable cause to believe that a defendant committed a felony. They are not an opportunity to determine the defendant's guilt or innocence.

¶49 Due to this narrow scope, we conclude that the use of hearsay evidence at preliminary examinations pursuant to Wis. Stat. § 970.038 does not violate due process rights. Defendants retain the ability to challenge the plausibility of hearsay and other evidence presented by the State through cross-examination, the presentation of evidence, and argument to the court. Wis. Stat. § 970.03(5). We agree with the court of appeals that these means are sufficient to address the plausibility of the allegations.

¶50 In the cases at hand, both Butts and the O'Briens had a sufficient opportunity to challenge the probable cause of the charges against them. In their preliminary hearings, they both cross-examined the State's witnesses. Although they did not do so, both Butts and the O'Briens had the opportunity to introduce

20

evidence relevant to the probable cause inquiry. Further, they both made numerous arguments challenging the probable cause for the charges. Because preliminary examinations are limited to determining whether there is a plausible basis to support probable cause, we determine that the examinations they received comported with due process. Accordingly, we determine that the petitioners have failed to show that Wis. Stat. § 970.038 is unconstitutional beyond a reasonable doubt.

IV

¶51 Finally, we decline petitioners' invitation to modify Wis. Stat. § 970.038 by imposing specific rules limiting the admissibility of hearsay at preliminary examinations. Having determined that the petitioners have failed in their constitutional challenges, we conclude that the proper forum for the requested changes lies with the legislature.

¶52 The petitioners contend that Wis. Stat. § 970.038 strips the defense of the ability to effectuate the purpose of a preliminary examination, which is to safeguard the accused and the public against unwarranted prosecutions. Although Wis. Stat. § 970.038 in a particular case may make the task of the defense more difficult, we are not convinced that the newly enacted statute renders a preliminary hearing a sham, as the petitioners contend. Several procedural and evidentiary safeguards remain unaffected by the passage of the legislation.

¶53 Testing the plausibility of the witness's statement still implicates adversarial testing. Wisconsin Stat. § 970.03(5) remains unchanged. It provides that at a

21

preliminary hearing "the defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf . . . ." Wis. Stat. § 970.03(5). Like the court of appeals, "[w]e reject any implication in the prosecution's arguments before the trial court that the enactment of 970.038 somehow limited the defense's ability to call or cross-examine witnesses at the preliminary examination." O'Brien, 349 Wis. 2d 667, ¶21. As discussed above, the right to present witnesses in the O'Briens' case was limited by their inability to show relevancy, not by the provisions of Wis. Stat. § 970.038. See ¶¶37-39, infra.

¶54 The focus of the circuit court's determination remains the same: whether the State has made a plausible showing of the probable cause necessary to support a bindover for trial. This determination is made on a case-by-case basis.

¶55 Our caselaw regarding the level of a probable cause determination remains unaltered. "Probable cause is not an unvarying standard because each decision at the various stages of the proceedings is an independent determination with the varying burdens of proof." County of Jefferson v. Renz, 231 Wis. 2d 293, 308, 603 N.W.2d 541 (1999). The degree of probable cause required for a bindover is greater than that required to support a criminal complaint. See T.R.B. v. State, 109 Wis. 2d 179, 188, 325 N.W.2d 329 (1982); Taylor v. State, 55 Wis. 2d 168, 173, 197 N.W.2d 805 (1972).

¶56 Newly enacted Wis. Stat. § 970.038 allows a court to make its probable cause determination "in whole or in part"

22

based on hearsay.  As the court of appeals observed, however, "[i]t remains the duty of the trial court to consider the apparent reliability of the State's evidence at the preliminary examination in determining whether the State has made a plausible showing of probable cause . . . ."  O'Brien, 349 Wis. 2d 667, ¶2.

¶57 Reliability is the hallmark of admissible hearsay. Traditionally, the rule against hearsay views out-of-court statements as inherently unreliable.  Despite this mistrust, numerous exemptions and exceptions have developed under the common law that allow for the admission of hearsay into evidence.  Subsequently the common law was codified as the Wisconsin Rules of Evidence, Wis. Stat. §§ 901.01-911.02.[4]

¶58 The Wisconsin Rules of Evidence contain 23 exceptions from hearsay for a variety of out-of-court statements that are considered reliable due to the circumstances in which the statements were made.  For example, the circumstances of sufficient reliability exist when the speaker is describing an event while seeing it (present sense impression, Wis. Stat. § 908.03(1)) or when describing a startling event while under the stress of the event (excited utterance, Wis. Stat. § 908.03(2)).  Sufficient reliability exists when considering the motivation of the speaker to tell the truth (statements made for purposes of medical treatment Wis. Stat. § 908.03(4)).  The regular records exception is grounded on the belief that the

---

[4] The Wisconsin Rules of Evidence were adopted in 1973.  See Sup. Ct. Order, 59 Wis. 2d R1 (1973).

records are sufficiently reliable because of the need of the maker to keep accurate records and reports (Wis. Stat. § 908.03(6)). Likewise, property records and family records are exceptions from hearsay because they are considered sufficiently reliable (Wis. Stat. § 908.03(13)-(15)).

¶59 The criminal complaint may rely on hearsay to demonstrate probable cause, but the hearsay must be sufficiently reliable to make a plausible showing of probable cause to support a bindover for trial. Knudson, 51 Wis. 2d 270. We agree with the court of appeals that "the hearsay nature of evidence may, in an appropriate case, undermine the plausibility of the State's case." O'Brien, 349 Wis. 2d 667, ¶2.

¶60 The court has discretion in determining what evidence is sufficiently reliable. Although newly enacted Wis. Stat. § 970.038 allows for greater use of hearsay at preliminary examinations, it does not eliminate the court's obligation to exercise its judgment. It is the circuit court's role to act as the evidentiary gatekeeper. Vivid, Inc. v. Fiedler, 219 Wis. 2d 764, 803, 580 N.W.2d 644 (1998).

V

¶61 In sum, we determine that petitioners have failed to meet the heavy burden of showing beyond a reasonable doubt that Wis. Stat. § 970.038 is unconstitutional. The scope of preliminary examinations is limited to determining whether there is probable cause to believe that a defendant has committed a felony. Following precedent, we conclude that there is no constitutional right to confrontation at a preliminary

24

examination. Further, due to the limited scope of preliminary examinations, we determine that the admission of hearsay evidence does not violate petitioners' rights to compulsory process, effective assistance of counsel, or due process.

¶62 Finally, we decline petitioners' invitation to impose new rules limiting the admissibility of hearsay at preliminary examinations. Wisconsin Stat. § 970.038 does not set forth a blanket rule that all hearsay be admitted. Circuit courts remain the evidentiary gatekeepers. They must still consider, on a case-by-case basis, the reliability of the State's hearsay evidence in determining whether it is admissible and assessing whether the State has made a plausible showing of probable cause. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶63 SHIRLEY S. ABRAHAMSON, C.J. *(dissenting).* The majority opinion and the parties focus on the constitutionality of Wis. Stat. § 970.038, which was enacted in 2011.[1] They address whether § 970.038 violates the defendant's confrontation rights under the United States and Wisconsin Constitutions. The majority opinion and the parties recognize, however, that the legislature has accorded defendants rights in preliminary examinations under Wis. Stat. § 970.03(5). This statute was enacted in its current form in 1969.[2]

¶64 I conclude that the admission of hearsay evidence under new Wis. Stat. § 970.038 should be interpreted in light of the longstanding text of § 970.03(5), which affords defendants statutory rights in preliminary examinations. This court typically decides cases on non-constitutional grounds before it addresses constitutional issues.[3] I conclude the two statutes should be harmonized.

---

[1] 2011 Wis. Act 285.

[2] Ch. 255, Laws of 1969.

[3] *See* Adams Outdoor Advertising, Ltd. v. City of Madison, 2006 WI 104, ¶91, 294 Wis. 2d 441, 717 N.W.2d 803.

Nevertheless, I note that the United States Supreme Court has recognized that certain Sixth Amendment rights, such as the right to counsel, apply to pretrial stages. I am not so quick to conclude, as does the majority opinion, that "the Confrontation Clause does not apply to preliminary examinations." Majority op., ¶30.

The United States Supreme Court has begun to take into account that most criminal cases do not go to trial and that constitutional rights traditionally restricted to trial may be applicable to critical pretrial stages:

¶65 Recently adopted Wis. Stat. § 970.038 declares that hearsay is generally admissible in preliminary examinations and that a circuit court may base its finding of probable cause in whole or in part on admitted hearsay. This new statute reads in full as follows:

> (1) Notwithstanding s. 908.02, hearsay is admissible in a preliminary examination under ss. 970.03, 970.032, and 970.035.

> (2) A court may base its finding of probable cause under s. 970.03(7) or (8), 970.032(2), or 970.035 in whole or in part on hearsay admitted under sub. (1).

¶66 Prior to the recent enactment of Wis. Stat. § 970.038, hearsay evidence was admissible at the preliminary examination only if it fit within one of the exceptions to the hearsay rule enumerated in the Wisconsin Rules of Evidence. See majority op., ¶20.

¶67 Wisconsin Stat. § 970.03 governs preliminary examinations. Subsection (5) accords defendants two different

---

The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages. Because ours is for the most part a system of pleas, not a system of trials, it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process.

Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012) (internal quotation marks and citations omitted).

rights: to cross-examine witnesses against them and to call witnesses on their behalf.[4]

¶68 Wisconsin Stat. § 970.03(5) reads as follows:

(5) All witnesses shall be sworn and their testimony reported by a phonographic reporter. The defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf who then are subject to cross-examination.

¶69 When the legislature recently enacted Wis. Stat § 970.038, it left § 970.03(5) unchanged.[5]

¶70 In interpreting multiple statutes, a court interprets them together and harmonizes them to avoid conflict if at all possible.[6] This court attempts to harmonize statutes in a way that will give effect to the legislature's intent in enacting both statutes.[7]

---

[4] "[T]he defendant must have compulsory process to assure the appearance of his witnesses and their relevant evidence." State v. Schaefer, 2008 WI 25, ¶35, 308 Wis. 2d 279, 746 N.W.2d 457. The defendant "is by statute given the right to confront witnesses . . . ." Mitchell v. State, 84 Wis. 2d 325, 354, 267 N.W.2d 349 (1978).

[5] 2011 Wisconsin Act 285. See also Drafting File for 2011 S.B. 399, Analysis by the Legislative Reference Bureau of 2011 S.B. 399, Legislative Reference Bureau, Madison, Wis. (noting that "hearsay evidence is admissible at a preliminary examination" without any reference to Wis. Stat. § 970.03(5)).

[6] State v. Ray, 166 Wis. 2d 855, 873, 481 N.W.2d 288 (Ct. App. 1992) (citing State v. Duffy, 54 Wis. 2d 61, 64, 194 N.W.2d 624 (1972)).

[7] City of Madison v. DWD, Equal Rights Div., 2003 WI 76, ¶11, 262 Wis. 2d 652, 664 N.W.2d 584; Byers v. LIRC, 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997); City of Milwaukee v. Kilgore, 193 Wis. 2d 168, 184, 532 N.W.2d 690 (1995).

¶71 Additional statutory tools of interpretation aid in interpreting the two statutes at issue in the present cases. Statutes are interpreted to give effect to each word and to avoid redundant and surplus language.[8] Moreover, words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose.[9] Statutes are interpreted in view of their purpose.[10]

¶72 The purpose of preliminary examinations under Wis. Stat. § 970.03 is to "protect[] defendants and the public from

___

[8] See, e.g., Klemm v. Am. Transmission Co., 2011 WI 37, ¶18, 333 Wis. 2d 580, 798 N.W.2d 223; Pawlowski v. Am. Family Mut. Ins. Co., 2009 WI 105, ¶22 n.14, 322 Wis. 2d 21, 777 N.W.2d 67 (citing Donaldson v. State, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect.")).

[9] Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶10, 232 Wis. 2d 587, 605 N.W.2d 515; Seider v. O'Connell, 2000 WI 76, ¶32, 236 Wis. 2d 211, 612 N.W.2d 659; Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶¶15, 18, 32, 293 Wis. 2d 123, 717 N.W.2d 258.

[10] State v. Hanson, 2012 WI 4, ¶16, 338 Wis. 2d 243, 255, 808 N.W.2d 390, 396 ("Context and [statutory] purpose are important in discerning the plain meaning of a statute. We favor an interpretation that fulfills the statute's purpose.") (internal quotation marks & citations omitted); Klemm, 333 Wis. 2d 580, ¶18 ("An interpretation that fulfills the purpose of the statute is favored over one that undermines the purpose."); Lagerstrom v. Myrtle Werth Hosp.-Mayo Health System, 2005 WI 124, ¶51, 285 Wis. 2d 1, 700 N.W.2d 201 (examining "legislative goals" to interpret a statute); Alberte, 232 Wis. 2d 587, ¶10 (courts need not adopt a literal or usual meaning of a word when acceptance of that meaning would thwart the obvious purpose of the statute); United Wis. Ins. Co. v. LIRC, 229 Wis. 2d 416, 425-26, 600 N.W.2d 186 (Ct. App. 1999) ("Fundamental to an analysis of any statutory interpretation is the ascertainment and advancement of the legislative purpose.").

unwarranted prosecution," and to function "as a check on prosecutorial discretion." Majority op., ¶21.[11]

¶73 Thus, the new statute allowing hearsay evidence at the preliminary examination, Wis. Stat. § 970.038, must be read to meet the statutory purpose of protecting defendants and the public from unwarranted prosecutions and to give continued vitality to Wis. Stat. § 970.03(5). Section 970.03(5), which grants rights to defendants, is not to be treated as surplusage.

¶74 I agree with the majority opinion that the State is not required under either statute to call witnesses just so a defendant may cross-examine them. Majority op., ¶33.[12]

¶75 I also agree with the majority opinion that the recent enactment of Wis. Stat. § 970.038 does not limit a defendant's ability under § 973.03(5) to call witnesses at the preliminary examination. Majority op., ¶34. A defendant's right to call witnesses is subject to the limits placed upon the trial right to call witnesses and is constrained by the limited purpose of the preliminary examination.

¶76 The preliminary examination has a narrow focus.[13] Probable cause that a felony was committed, probable cause that

---

[11] A preliminary examination exists "to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." State v. Kleser, 2010 WI 88, ¶55, 328 Wis. 2d 42, 786 N.W.2d 144 (internal quotation marks omitted).

[12] See State v. Oliver, 161 Wis. 2d 140, 148-49 467 N.W.2d 211 (Ct. App. 1991); State v. Padilla, 110 Wis. 2d 414, 424, 329 N.W.2d 263 (Ct. App. 1982).

the defendant committed the felony, and plausibility are the sole issues at a preliminary examination. Defense counsel is therefore limited to present evidence[14] at the preliminary examination relevant to probable cause and plausibility (not credibility).[15]

¶77 At some point, plausibility and credibility elide. "[T]he line between plausibility and credibility may be fine; the distinction is one of degree."[16]

¶78 In O'Brien, defense counsel asserted that the defendants wanted to call the hearsay declarant, S.M.O., to test the plausibility of the hearsay statements admitted through the officer's testimony:

[DEFENSE COUNSEL]: . . . .

For example, one of the allegations in this case is that, um, [the victim hearsay declarant] states that

---

[13] Schaefer, 308 Wis. 2d 279, ¶34. "[I]ts purpose is merely to determine whether there is sufficient evidence that charges against a defendant should go forward."

[14] "[T]he defense right to call witnesses is subject . . . to a broad discretion of the magistrate to restrict preliminary hearing presentations in accordance with the limited purposes of that hearing." 4 Wayne R. LaFave et al., Criminal Procedure § 14.4(d), at 359 (3d ed. 2007) (emphasis added).

[15] A defendant "may call witnesses to rebut the plausibility of a witness's story and the probability that a felony was committed. In this regard, the defendant must have compulsory process to assure the appearance of his witnesses and their relevant evidence." Schaefer, 308 Wis. 2d 279, ¶35 (citation omitted).

[16] State v. Dunn, 121 Wis. 2d 389, 397, 359 N.W.2d 151 (1984); see also County of Jefferson v. Renz, 231 Wis. 2d 293, 322, 603 N.W.2d 541 (1999) (citing Dunn).

he was hit by his father with a flashlight.  What if the rest of the part of that story was . . . his father sprouted wings and flew around the room like a bat and then hit him with a flashlight?  The whole story would sound absolutely incredible, unbelievable, and implausible.

¶79 The majority opinion criticizes defense counsel's proffer regarding the relevance of the witnesses the defendant wishes to call.  The majority opinion declares that "[a]bsent any idea what S.M.O. would testify to, counsel's proffer was insufficient to show that S.M.O.'s testimony would be relevant to the probable cause inquiry."[17]

¶80 Such a proffer, however, will often be limited. Defense counsel rarely knows at the preliminary examination exactly what a witness (who will testify for the State at trial) will say before the witness takes the stand.  When a defendant has no way of knowing exactly what a witness knows or will testify to at the preliminary examination, the law does not place a significant burden on the defendant to demonstrate relevance.[18]  Tools of discovery are limited in pretrial criminal proceedings.[19]

---

[17] Majority op., ¶38.

[18] For example, when defendants seek <u>in camera</u> review to determine whether disclosure of a confidential informant's identity is appropriate, this court has stated that the burden on the defendant is "not significant" and that "[t]he showing need only be one of a possibility that the informer could supply testimony necessary to a fair determination."  <u>See</u> <u>State v. Green</u>, 2002 WI 68, ¶24 n.7, 253 Wis. 2d 356, 646 N.W.2d 298 (quoting <u>State v. Outlaw</u>, 108 Wis. 2d 112, 125, 321 N.W.2d 145 (1982)).

¶81 Considering these difficulties, I would not hold the bar for the proffer as high as the majority opinion does. The proffer here is weak. Nonetheless, the majority opinion's requiring a specific proffer of exactly how a witness will specifically rebut a prosecution claim undermines the preliminary examination's purpose of putting the State to its burden and undermines the statutory rights accorded by Wis. Stat. § 970.03(5).

¶82 Under the majority opinion's holding, and with the limited tools of criminal discovery available in pretrial proceedings, how can a defendant ever challenge double or triple hearsay in a police report read by an individual who has never interviewed the hearsay declarant? Does a wrongly accused person, under the majority opinion's reasoning, have any

Similarly, if a defendant seeks to admit evidence in connection with a defense theory, the threshold for admitting such evidence is low, even if the theory itself is "thoroughly discredited." See State v. Head, 2002 WI 99, ¶115, 255 Wis. 2d 194, 648 N.W.2d 413 ("[I]f, before trial, the defendant proffers 'some' evidence to support her defense theory and if that evidence, viewed most favorably to her, would allow a jury to conclude that her theory was not disproved beyond a reasonable doubt, the factual basis for her defense theory has been satisfied.").

[19] See State v. Bowser, 2009 WI App 114, ¶21, 321 Wis. 2d 221, 772 N.W.2d 666 (noting that despite the broad right to pretrial discovery granted by Wis. Stat. § 971.23(1), "the right to pretrial discovery is tempered by the circuit court's discretion under Wis. Stat. § 971.23(6) to deny, restrict, defer, 'or make other appropriate orders' concerning discovery upon a showing of good cause"); see also Schaefer, 308 Wis. 2d 279, ¶77 n.17 ("In Wisconsin, criminal 'discovery' is not entirely the parties' procedure because the scope of discoverable materials is set out in statute and compliance with the statute will be enforced by the court.").

opportunity short of a trial to challenge the plausibility of the State's case?

¶83 I conclude that under the circumstances of O'Brien, the offer of proof, although admittedly weak, sufficed to allow the defendant to call the declarant. Of course, the State has the right to object to and argue against the admissibility of any portion of the testimony of witnesses called by the defendant if the testimony is not relevant to plausibility and probable cause.

¶84 If preliminary examinations are to serve as effective roadblocks to frivolous and fraudulent prosecutions, and if they are truly to be a "critical stage" of trial, the preliminary examination cannot be reduced to a farce, in which a defendant has no ability to challenge or rebut the narrative advanced by the State's proffered double and triple hearsay testimony.

¶85 Other states' approaches to this issue are instructive. Colorado has a rule identical to Wis. Stat. § 970.03(5); it does not have a rule identical to § 970.038, but Colorado allows the use of hearsay evidence at the preliminary examination.

¶86 The Colorado Supreme Court determined that it was abuse of discretion for the trial court to prohibit a defendant from calling a prosecution hearsay declarant as a witness, when the witness was available and the probable cause determination

rested entirely on the witness's identification and story. <u>See</u> <u>McDonald v. District Court</u>, 576 P.2d 169 (Colo. 1978).[20]

¶87 California has provisions similar to the two Wisconsin statutes at issue in the instant cases. Interpreting the California law, a California court declared that the trial court did not err in allowing a defendant to call hearsay declarants as defense witnesses.[21]

¶88 In cases such as the instant cases, in which the prosecution relies on double or triple hearsay for which the defendants' cross-examination of the State's witnesses is meaningless, the plausibility of the State's case cannot be tested without allowing the defendant to call witnesses——either the hearsay declarant or an individual with personal knowledge of the hearsay statement.

¶89 In the instant cases, the State's witnesses were presenting single, double, and triple hearsay. In <u>O'Brien</u>, the sole witness of the prosecution, a police investigator, testified to hearsay statements of declarants she personally interviewed but also testified to statements made by declarants to a third party while the investigator was in the room, as well as videotaped hearsay statements made by declarants to an third party.

---

[20] <u>See also</u> <u>Rex v. Sullivan</u>, 575 P.2d 408, 411 (Colo. 1978) (holding that "the judge cannot completely curtail cross-examination on testimony vital to the issue of probable cause . . . by refusing to allow the defense counsel to probe the strength of the eyewitness identifications on cross-examination of the [witness]").

[21] <u>People v. Erwin</u>, 20 Cal. App. 4th 1542, 1551 (1993).

¶90 In the Butts case, the preliminary examination never took place. The complaint contained statements from multiple hearsay declarants made either in writing or to different police officers. The State averred in Butts that it intended to call a police officer to read the hearsay statements given to the officer by the hearsay declarants. In short, the plausibility of the hearsay statements could not have been tested without the defendant's ability to call the declarant or others as witnesses.

¶91 By failing to value sufficiently the statutory right of the defendant to compel witnesses in his or her defense, the majority opinion renders Wis. Stat. § 970.03(5) surplusage and undermines the statutory purpose of allowing a defendant to test the plausibility of the prosecution's case.

¶92 The texts, the context, and the statutory purposes of both statutes dictate the conclusion that the defendant has the statutory right to cross-examine witnesses to test the plausibility of their testimony and the statutory right to call witnesses, including hearsay declarants, to challenge the plausibility of the State's evidence.

¶93 Accordingly, I dissent.